Windell **GRINDER**, Appellee,

v.

**SOUTHERN FARM BUREAU CASUALTY INSURANCE COMPANY, Appellant.**

No. 78–1456.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1978.

Decided Jan. 12, 1979.

Larry Lipe of Laser, Sharp, Haley, Young & Huckabay, Little Rock, Ark., for appellant.

Thomas A. Martin, Jr., Jasper, Ark., for appellee.

Before HEANEY and ROSS, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

HEANEY, Circuit Judge.

Windell Grinder brought suit against Southern Farm Bureau Casualty Insurance Company to recover on an insurance policy issued by Southern Farm Bureau for the theft of his truck. The action was tried to a jury which returned a verdict for Grinder in the amount of $13,240. Southern Farm Bureau appeals from the judgment. We affirm.

Windell Grinder purchased a truck on May 14, 1974, which he operated until December, 1974, as an independent trucker. Grinder hired William Blake as a truck driver in December, 1974. On the 10th or 11th of December, 1974, Grinder instructed Blake to proceed from Peoria, Illinois, to Chicago, Illinois, in order to pick up a load of freight. Blake was to meet Grinder in Springfield, Missouri, and the two would then continue on to California.

A few days after Blake departed, Grinder received a telephone call from his broker. Blake had contacted the broker and requested $150 or $200 to replace a tire. The broker wired the money to a truck stop in Peru, Illinois, which is located approximately halfway between Peoria and Chicago.

Blake never arrived in Chicago to pick up the freight. Grinder attempted to learn the truck's location by first contacting the truck stop where the broker had wired Blake the money. The truck stop informed him that the truck was no longer there. Grinder then contacted the authorities on the 15th or 16th of December and reported the truck as stolen.

Grinder requested payment under his insurance policy with Southern Farm Bureau after the truck was not found within a few weeks. Southern Farm Bureau denied coverage and, on February 7, 1975, Grinder filed suit against it.

In mid-March, 1975, the Illinois State Police located the truck in Peru, Illinois. Both Southern Farm Bureau and Grinder were contacted. Grinder was financially unable to take steps to have the truck returned.[1] Southern Farm Bureau made no attempt to recover the truck.

Southern Farm Bureau argues initially that the District Court improperly instructed the jury on the elements of theft. The District Court gave the following instruction to the jury:

> You are instructed that theft or larceny is defined as the unlawful stealing, taking and carrying, riding or driving away the personal property of another with the intent to deprive the true owner of his property.

---

* The Honorable TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation, participated in the post-argument conference and concurred in this opinion prior to his death on December 21, 1978.

1. By March, 1975, Grinder was approximately three months behind in his monthly payments for the truck, or $3,000. He was forced to seek employment in an Oklahoma machine shop for $4.10 an hour. Although he was critically short of cash, he was unable to borrow any additional funds.

You are further instructed that theft or larceny occurs when any person who, at first, lawfully obtains possession of any goods, vehicle or other property, and later knowingly receives, disposes of, conceals, converts, keeps or uses the property so obtained, contrary to provisions of the agreement or conditions under which that property was placed in his possession.

Southern Farm Bureau contends that it was error to give the second paragraph of the instruction because it does not require proof of an intent to deprive the true owner of his property.

■ We note that Southern Farm Bureau objects to only a portion of the instruction on theft. This Court, however, when reviewing the jury instructions, must examine them as a whole. *Simpson v. Norwesco, Inc.*, 583 F.2d 1007, 1013 (8th Cir. 1978); *Riske v. Truck Ins. Exchange*, 541 F.2d 768, 771 (8th Cir. 1976); *Lienemann v. State Farm Mut. Auto Fire & Cas. Co.*, 540 F.2d 333, 340 n. 4 (8th Cir. 1976). When read in conjunction with the first paragraph, the instruction clearly requires the jury to find that the taking was done with the intent to deprive the owner of his property. *See Barker v. State*, 248 Ark. 649, 453 S.W.2d 413 (1970).

■ Southern Farm Bureau also argues that the admission of certain evidence constitutes reversible error. During the direct examination of Rex Elliot, the individual who sold the truck to Grinder, the following exchange occurred between Grinder's counsel and Elliot:

Q. Did you ever get any bills from the state of Arizona?

A. Well, we got—the way the Arizona bills you, you go through there and, see, you're bonded and you have to pay the, like the fuel tax, and if you buy a certain amount of fuel in Arizona, you've got to pay what is called a wheel tax, or a tax on the fuel that you burn. So, you're bonded under bonding companies to keep an accurate record; you take your logs from your trucks and your truck drivers, and even if I didn't go, I had to pay my truck drivers along that theory.

After I phased out in 1976, after I phased out, I guess the State of Arizona audited all of the accounts that I had run over a period of years that I had run through their state, and they said that I owed them $78. Of course, a lot of time had elapsed and according to my records I didn't owe it, so I wrote them a couple of letters and they wrote back and—

The evidence was offered to show that during the period when the truck was missing, it had been driven through Arizona. Counsel for Southern Farm Bureau objected to the evidence on the ground that it constituted hearsay, or alternatively, that it was irrelevant and immaterial. The District Court conditionally admitted the evidence subject to Southern Farm Bureau's right to move that the testimony be stricken at a later point in the trial. Southern Farm Bureau did not do so and Grinder abandoned this line of questioning after the objection.

Southern Farm Bureau maintains that this is the only evidence tending to dispute its contention that the truck was initially abandoned in Peru. We disagree. The truck was not located in Peru when it was first missing. The jury could infer from this that the truck was not returned to Peru until sometime after it was reported stolen and that, during the interim, it was located elsewhere. Moreover, the reason for offering the evidence was given outside the presence of the jury. Nowhere in the statement, as heard by the jury, is there any indication that the $78 additional tax was attributable to Grinder's truck. We conclude that, under the circumstances, the admission of this evidence constitutes harmless error. *See* Fed.R.Civ.P. 61.

Southern Farm Bureau next argues that there was insufficient evidence to support the jury's finding that a theft occurred. It claims that the only evidence of theft was that the truck was missing for three months and that it was later located along the same route from which it had initially disappeared. It contends that this evidence equally supports the possibility that the truck was abandoned in Peru by the driver rather than stolen.

The fallacy in Southern Farm Bureau's argument is its assumption that only inferences that are more probable than other inferences may be drawn from circumstantial evidence. A given piece of circumstantial evidence may equally support many inferences. The question this Court must ask, however, is whether there was sufficient evidence in the record as a whole from which a jury could reasonably find that it was more probable than not that a theft occurred. Cf. *United States v. Fuel*, 583 F.2d 978, 981 (8th Cir. 1978). In doing so, we view the evidence in the light most favorable to the jury verdict, *United States v. Wofford*, 562 F.2d 582, 585 n. 1 (8th Cir. 1977), *cert. denied*, 435 U.S. 916, 98 S.Ct. 1471, 55 L.Ed.2d 507 (1978), and take as established all reasonable inferences which tend to support the action of the jury. *United States v. Fuel, supra* at 980; *United States v. Overshon*, 494 F.2d 894, 896 (8th Cir.), *cert. denied*, 419 U.S. 853, 95 S.Ct. 96, 42 L.Ed. 85 (1974).

The evidence shows that Blake never arrived in Chicago with the truck and never informed Grinder of its location. Blake received some money from Grinder's broker and disappeared. The truck was not located in Peru when it was first missing. It remained missing for three months before it was finally found. This evidence justified the jury's finding that the truck had been stolen.

Southern Farm Bureau finally argues that there was insufficient evidence to support damages in the amount of $13,240. We find no merit to this contention. During the trial, the parties entered into a stipulation in regard to damages. It was in the form of an agreed upon jury instruction. The stipulation provided in part that:

if you find for Windell Grinder on the question of liability you may not award him more than $13,241.00 [and] * * * if you find for Windell Grinder you may not award him less than $13,241.00 unless you find that Windell Grinder did not act

reasonably to avoid damages. If you find that Windell Grinder did not act reasonably to avoid damages, then the amount of damages should be reduced by the amount which could have reasonably been saved.

Southern Farm Bureau cannot presently argue that Grinder failed to offer any evidence on damages since it voluntarily entered into the stipulation. There was sufficient evidence in the record to justify the jury's conclusion that Grinder acted reasonably to avoid damages given his financial situation.[2]

The judgment is affirmed.

---

2. It appears from the verdict that Grinder should have attempted to mitigate damages in the amount of one dollar.