508 F.Supp. 14 (1980)
George TRIBBLE, Plaintiff,
v.
WESTINGHOUSE ELECTRIC CORPORATION, Defendant.
No. 79-270 C (1).
United States District Court, E. D. Missouri, E. D.
May 30, 1980.
*15 Burton Newman, Clayton, Mo., for plaintiff.
John R. Musgrave and Richard Mueller, St. Louis, Mo., for defendant.

MEMORANDUM AND ORDER
WANGELIN, Chief Judge.
This matter is before the Court upon defendant's motion for judgment in accordance with defendant's previous motion for a directed verdict filed at the close of all evidence herein, and defendant's alternative motion for a new trial.
The Court cannot agree with defendant's assertion that viewing the evidence in the light most favorable to plaintiff and giving plaintiff the benefit of all reasonable inferences, there was not sufficient evidence to support a verdict on behalf of plaintiff on his claim brought pursuant to the Age Discrimination In Employment Act (ADEA), 29 U.S.C. § 621 et seq. Nor does the Court believe that the instructions given the jury did not set forth a full statement of the applicable law and adequately cover all issues raised at trial. The Court perceives no fundamental injustice in the instructions given. See Grinder v. Southern Farm Bureau Casualty Ins. Co., 590 F.2d 741, 743 (8th Cir. 1979); Hartman v. United States, 538 F.2d 1336, 1346 (8th Cir. 1976).
There exists, however, a problem in the jury's assessment of damages. The jury awarded plaintiff Fifty Five Thousand Seven Hundred and Ten Dollars ($55,710.00) in lost wages, and did not return a verdict in favor of plaintiff on the issue of liquidated damages. The only evidence the jury could have considered in arriving at the above verdict was evidence that plaintiff was receiving Two Thousand Ninety Five Dollars ($2.095.00) per month when he left defendant's employ, that he would have received such salary for another eighteen months, and that as a result of leaving at that particular time plaintiff's pension was reduced by One Hundred Dollars ($100.00) per month. Additional evidence indicated that the average number of pension checks received by a company employee at normal retirement was one hundred and eighty. It seems beyond cavil that the jury assessed damages as follows:

 $2,095.00 × 18 months = $37,710.00
 100.00 × 180 months = $18,000.00
 _________
 Total = $55,710.00

Instruction number 4 directed the jury to deduct from their award benefits and earnings received by the plaintiff from the date he left Westinghouse until he reached sixty five years of age.
The evidence is undisputed that plaintiff performed no work for defendant after January 31, 1978, went off defendant's payroll on July 31, 1978, and plaintiff received pension benefits from defendant commencing September 1, 1978 in the amount of Three Hundred and Eighty Dollars ($380.00) per month. Plaintiff reached the age of sixty five on January 15, 1980. At that time, pursuant to defendant's pension plan, plaintiff's retirement would have been mandatory. But see, 29 U.S.C. § 623(f)(2). The issue of mandatory retirement pursuant to the pension plan is not before the Court, since plaintiff's termination and unsuccessful attempts to obtain other jobs with defendant precluded such an outcome. Nor may the lost wages recovery period be extended beyond age sixty five. This Court has held that the 1978 Amendments to the ADEA which have (1) extended the protection of the Act from age sixty five to age seventy, 29 U.S.C. § 631(a), and (2) prohibited involuntary retirement because of age pursuant to a bona fide employee benefit plan, up to age seventy, 29 U.S.C. § 623(f)(2) are not to be applied retroactively. EEOC v. Florissant Valley Fire Protection District, 21 FEP Cases, 973, 21 E.P.D. ¶ 30,520 (E.D.Mo. 1979); See Also Marshall v. Delaware River & Bay Authority, 471 F.Supp. 886 (D.Del. 1979). Plaintiff ceased performing services for defendant January 31, 1978 and was officially administratively terminated on *16 that day, though he continued to receive his salary until July 31, 1978. See Moses v. Falstaff Brewing Corp., 525 F.2d 92, 94-95 (8th Cir. 1975). The 1978 amendments to the ADEA became effective April 6, 1978. Pub.L.No.95-256, § 3(a), 92 Stat. 189. Therefore, since plaintiff's cause of action accrued prior to the effective date of the Amendment to 29 U.S.C. § 631(a) raising the upper age limitation to seventy, his cause of action is governed by the age sixty-five limitation. This precludes his claim for reinstatement.
Though plaintiff's pension benefits were vested, he had no entitlement to receive them while he remained in defendant's employ. Had plaintiff remained in defendant's employ, he would not have received any benefits until mandatory retirement at age sixty five. By virtue of defendant's violation of the Act, plaintiff received eighteen months of pension benefits totaling Six Thousand Eight Hundred and Forty Dollars ($6,840.00). Plaintiff's recovery should only return him to the financial position he would have enjoyed, but for the involuntary termination. The jury properly included in its award the pecuniary loss suffered by plaintiff because he was not able to work to age sixty five and thereby maximize his pension benefits. As such, the "interim" pension benefits must be deducted from the lost wages award as they are, on the circumstances of this case, virtually identical to severance pay. Laugeson v. Anaconda Co., 510 F.2d 307, 317 (6th Cir. 1975) (severance pay); Cf. Coates v. National Cash Register Co., 433 F.Supp. 655, 663 (W.D.Va.1977); Monroe v. Penn-Dixie Cement Corp., 335 F.Supp. 231, 234-235 (N.D. Ga.1971).
Plaintiff's pension benefits from General Electric need not be deducted since payment of those benefits was not occasioned by plaintiff's termination. Plaintiff merely elected to begin receiving them in January of 1978.
Amounts which plaintiff earned from other employment were not deducted by the jury though they were required by instruction number 4 to do so. The testimony indicated that plaintiff's earnings from part-time jobs during the period covered by the lost wages award totalled at least Forty Four Hundred and Thirty Five Dollars ($4,435.00). The evidence is somewhat inconsistent as to when plaintiff was re-employed by Ranken Technical Institute and the Court has included in the above total Eight Hundred Twenty Five Dollars ($825.00) for approximately eleven weeks work between November 20, 1979 and February 7, 1980 at Seventy Five Dollars ($75.00) per week. Plaintiff's part-time earnings must be deducted from the lost wages award. Laugeson, supra, at 317-318; Brennan v. Ace Hardware Corp., 495 F.2d 368, 373 (8th Cir. 1974); Coates, supra, at 663; Bishop v. Jelleff Assocs., 398 F.Supp. 579, 597 (D.D.C.1975); Monroe, supra, at 234-235.
Though the employment plaintiff eventually found was not comparable to his former position with defendant, there is sufficient evidence to support the jury's determination that plaintiff made adequate attempts to seek other employment and mitigate his damages.
The Court considers the jury's award of damages excessive in the sum of Eleven Thousand Two Hundred Seventy Five Dollars ($11,275.00). It is well settled that a trial court may condition denial of a motion for new trial, where the damages awarded are clearly excessive, upon the filing of a remittitur by the recovering party. See 11 Wright & Miller, Federal Practice and Procedure, § 2815 (1973).
Accordingly,
IT IS HEREBY ORDERED that defendant's motion for judgment in accordance with its previously filed motion for a directed verdict be and is DENIED; and
IT IS FURTHER ORDERED that defendant's motion for a new trial be and is DENIED upon the condition that within thirty (30) days of service of this Order plaintiff file herein a remittitur in the sum of Eleven Thousand Two Hundred Seventy Five Dollars ($11,275.00) thereby consenting to assessment of damages in the sum of *17 Forty Four Thousand Four Hundred and Thirty Five Dollars ($44,435.00) upon the verdict returned herein and execute and file a release in favor of defendant to the extent of the Eleven Thousand Two Hundred and Seventy Five Dollars ($11,275.00) remitted upon the judgment and verdict of Fifty Five Thousand Seven Hundred and Ten Dollars ($55,710.00); however, if such remittitur and release is not filed within thirty (30) days of service of this Order defendant's motion for a new trial will be granted, the judgment entered upon the verdict will be vacated and a new trial will be ordered solely on the issue of damages.