George TRIBBLE, Appellee,

v.

WESTINGHOUSE ELECTRIC
CORP., Appellant.

No. 81–1208.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 9, 1981.

Decided Feb. 4, 1982.

Coburn, Croft & Putzell, John R. Musgrave, Ruth M. Zimmerman, argued, St. Louis, Mo., for appellant.

Bartley, Goffstein, Bollato & Lange, Burton Newman, Jeffrey E. Hartnett, argued, Clayton, Mo., for appellee.

Before HENLEY and ARNOLD, Circuit Judges, and NICHOL,* Senior District Judge.

NICHOL, Senior District Judge.

George Tribble brought this action against defendant, Westinghouse Electric Corporation, (Westinghouse) claiming that Westinghouse discharged him and failed to hire him because of his age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. sections 621–34 (1976). The district court, the Honorable H. Kenneth Wangelin presiding, entered judgment in favor of Tribble following a jury trial. Westinghouse appeals from the judgment and from an Order entered by the district court denying Defendant's Motion for Judgment in Accordance with Defendant's Motion for a Directed Verdict, or in the Alternative, Motion for a New Trial. The district court's Order was conditioned upon filing by plaintiff of a remittitur and is reported at 508 F.Supp. 14 (E.D.Mo.1980). Plaintiff filed the remittitur. For reasons set out more fully herein, we affirm.

Plaintiff Tribble first joined Westinghouse in 1964. Tribble continued in the employ of Westinghouse until his termination effective July 31, 1978. During his tenure at Westinghouse plaintiff's work experience encompassed sales or development work involving many different Westinghouse products. Westinghouse is divided into three companies, the Power Systems Company, the Industrial Products Company, and the Public Systems Company, as well as numerous divisions and groups within those three companies. Tribble was considered a "generalist" within a separate marketing group, the Business Development Department (BDD). The BDD was a group within the Industrial Products Company.

The BDD's function was three-fold: to maintain contact and involvement with key people at high-potential construction firms in order to increase Westinghouse's share of the market; to coordinate Westinghouse selling activities in the construction field through the use of business development teams to pool information on current projects; and to act as a resource for construction-involved divisions of Westinghouse by providing an informed overview of the marketplace and by giving assistance in reaching the appropriate markets. Tribble's basic duty as a business development representative was to search out planned or

---

* Fred J. Nichol, Senior District Judge, District of South Dakota, sitting by designation.

potential customers for the purchase of Westinghouse products.

In December, 1977, Tribble was first informed that his position would be terminated due to an ostensible intra-company reorganization that would transfer the BDD from the marketing group of the Industrial Products Division to the construction group of the Public Systems Company. Tribble was to be terminated effective February 1, 1978, but remained on the payroll through July of 1978. During the interim between the December date upon which Tribble was informed of his pending termination and the actual termination date of July 31, 1978, Tribble applied for a number of different positions within the Westinghouse organization. Each position was filled by a younger person. The only option presented to Tribble was to either be terminated or take early retirement. Tribble chose early retirement under protest. The jury found that Tribble's age was a determining factor affecting Westinghouse's decision to terminate and not rehire Tribble and awarded him damages in the amount of $55,711. The jury award was subsequently reduced by remittitur to a sum of $44,435.

On appeal Westinghouse raises several assignments of error. Those assignments of error can be divided into two groups for discussion. One group involves the trial court's denial of Westinghouse's motion for a directed verdict and motion for judgment in accordance with defendant's motion for a directed verdict, or in the alternative, motion for a new trial. The other group involves challenges to certain jury instructions. We will address first Westinghouse's challenge to the district court's denial of its various motions.

Westinghouse contends that the district court erred when it failed to grant Westinghouse's motion for a directed verdict because plaintiff did not come forward with any evidence that the reasons given by Westinghouse for the complained of actions were pretextual. Westinghouse has reiterated substantially the same argument in its challenge to jury Instruction No. 8.[1] Jury Instruction No. 8 refers to the discharge issue while Westinghouse prefers to characterize the entire cause as one involving failure to hire. Westinghouse's motion following the trial was essentially one for judgment notwithstanding the verdict and will be treated as such a motion for the purpose of this discussion.

The standard for granting judgment notwithstanding the verdict is the same as that for a directed verdict. *Smith v. Hussmann Refrigerator Co.*, 619 F.2d 1229, 1235 (8th Cir. 1980); *Schneider v. Chrysler Motors Corp.*, 401 F.2d 549, 554 (8th Cir. 1968). The district court should grant a motion for directed verdict "only when all the evidence points one way and is susceptible of no reasonable inferences sustaining the position of the nonmoving party." *Smith v. Hussmann Refrigerator Co.*, 619 F.2d at 1235, *citing Barclay v. Burlington Northern,*

---

1. Instruction No. 8 stated: Plaintiff bases his suit on the Age Discrimination in Employment Act of 1967, which Congress enacted to prohibit arbitrary age discrimination in employment and to promote the employment of older persons on the basis of their ability. The Act further provides that the prohibitions against such arbitrary age discrimination in employment are limited to individuals who are at least forty (40) years of age but less than sixty-five (65) years of age.

Not every discharge of a person between the ages of forty and sixty-five is unlawful under the Act. The Act provides in part that it shall not be unlawful for an employer to discharge an older employee within this age bracket among certain conditions. One of them is where the differentiation is based upon reasonable factors other than age.

If the termination of the plaintiff was for bona fide business or economic reasons in which age was not a determining factor, there can be no violation of the law, and the discharge would be lawful.

The plaintiff in this action has the burden of showing by a preponderance of the proof that he was discharged from his job because of his age. It is the contention of the defendant in this case that the discharge was for bona fide and business reasons unconnected with age.

If you find that the termination was for the reason asserted by defendant, that would be the end of your investigation and you should cease your deliberations and return a verdict for the defendant in the case.

*Inc.*, 536 F.2d 263, 267 (8th Cir. 1976). As this Court has noted,

> (A) motion for directed verdict is properly denied where the evidence presented allows reasonable men in a fair exercise of their judgment to draw different conclusions. * * * In making this determination, the evidence, together with all reasonable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party.

*Id.*

■ In the present case plaintiff clearly established a prima facie case of age discrimination in that (1) plaintiff was in the protected class; (2) that during the period Westinghouse confronted plaintiff with the alternative of early retirement or termination; (3) that plaintiff took early retirement under protest; and (4) that, after the discharge and plaintiff's application for other positions for which he was qualified, the position remained open and the employer continued to seek applications from persons with similar qualifications. *See Cleverly v. Western Electric Co.*, 594 F.2d 638, 641 (8th Cir. 1979); *Cova v. Coca-Cola Bottling Co. of St. Louis*, 574 F.2d 958, 959 (8th Cir. 1978); *Marshall v. Roberts Dairy Co.*, 572 F.2d 1271, 1272 (8th Cir. 1978); *Walter v. KFGO Radio*, 518 F.Supp. 1309, 1313 (D.N.D.1981).

Westinghouse offered evidence of a legitimate nondiscriminatory reason for discharging plaintiff, that is, Westinghouse claimed that plaintiff elected to take early retirement due to an intra-company reorganization that eliminated plaintiff's job. The mere fact that Westinghouse articulated a legitimate nondiscriminatory reason for its discharge of plaintiff does not mean that Westinghouse is entitled to have a verdict directed in its favor. "(T)he articulations of a legitimate nondiscriminatory reason is sufficient to insulate an employer from a verdict against it, *i.e.*, it dispels the adverse inference from a plaintiff's prima facie case. The jury in its consideration of all the evidence may still find that the wrong occurred in the manner established by plaintiff." *Spagnuolo v. Whirlpool Corp.*, 641 F.2d 1109, 1112 (4th Cir. 1981). We believe that the jury accepted plaintiff's version of the case and thus considered the reasons offered by Westinghouse for plaintiff's discharge to be merely pretextual.

■ In an action brought under the ADEA, the ultimate burden shouldered by a plaintiff is that age was a determining factor in his or her discharge. *Cleverly v. Western Electric Co.*, 594 F.2d at 641; *Cova v. Coca-Cola Bottling Co. of St. Louis*, 574 F.2d at 960; *Laugesen v. Anaconda Co.*, 510 F.2d 307, 315–17 (6th Cir. 1975). Tribble began his employment with Westinghouse in 1964, and his Westinghouse work experience encompassed sale or development of all products in Westinghouse's construction line. He remained continuously employed until the effective date of his termination, July 31, 1978. During his employment with Westinghouse, plaintiff held a number of jobs including contract sales manager, territory sales manager and business development representative. Tribble was promoted and received salary increases. On December 16, 1977, Tribble received a telephone call from the zone manager in Houston, Texas, informing him that his position with Westinghouse would be terminated on January 31, 1978. At that time the entire construction industry was facing increasingly difficult financial difficulties. At the same time, other younger persons were hired by Westinghouse to fill positions substantially similar to that held by Tribble within the corporation. Evidence was presented from which the jury could infer that the reason for plaintiff's discharge was age. Westinghouse contended at trial that the decision to eliminate Tribble's position was based upon the intra-company reorganization. We believe that the jury could reasonably believe that age, as well as the ostensible reorganization, was a determining factor in Westinghouse's decision to eliminate Tribble's position and not hire Tribble into any other available job. We think that the district court properly denied Westinghouse's motions for directed verdict and for judgment in accordance with defendant's motion for a directed verdict, or in the alternative, a new trial.

Westinghouse also challenged a number of jury instructions. Stated simply, Westinghouse alleges that Instruction No. 2 is erroneous on the following grounds: it incorrectly stated the fact issues to be decided by the jury; it was misleading and confusing; and stated issues as to which no evidence was presented.[2] Westinghouse also objects to Instruction No. 7 for substantially the same reasons.[3] Additionally, Westinghouse objects to giving both Instructions No. 2 and No. 7, asserting that because both instructions are verdict directors for plaintiff, when read together the instructions are inherently inconsistent and contradictory.

When considering a challenge to jury instructions, the "general rule is that the instructions must be read as a whole and considered in light of the entire charge." *King v. State Farm Life Insurance Co.*, 448 F.2d 597, 600 (8th Cir. 1971). *See also Grinder v. Southern Farm Bureau Casualty Insurance Co.*, 590 F.2d 741, 743 (8th Cir. 1979); *Simpson v. Norwesco, Inc.*, 583 F.2d 1007, 1013 (8th Cir. 1971). When the charge is considered as a whole, it should state the "governing law fairly and correctly" and should not be "inflammatory or unfair or prejudicial" to either plaintiff or defendant. *Hartman v. United States*, 538 F.2d 1336, 1346 (8th Cir. 1976). Where the instructions, considered as a whole, adequately and sufficiently state the generally applicable law, the fact that the instruc-

tions are technically imperfect or are not a model of clarity does not render the charge erroneous. *See e.g. Shelak v. White Motor Co.*, 581 F.2d 1155, 1161 (5th Cir. 1978) (mere technical imperfection); *Garnatz v. Stifel, Nicholas & Co.*, 559 F.2d 1357, 1362 (8th Cir. 1977) (instructions not a model of clarity).

In the present case, the district court's charge to the jury did include a correct statement of the applicable law. Instruction No. 2 set forth the elements that the plaintiff must prove to establish a case of age discrimination. In fact, Instruction No. 2 was altered by the trial court on the basis of Westinghouse's objection to require the jury to find that age was more than a mere factor affecting defendant's decision to confront plaintiff with the alternatives of early retirement or termination. The jury was instructed that they must find that age was a *determining* factor affecting Westinghouse's decision with regard to plaintiff's employment. The charge, as presented to the jury, is an accurate statement of the applicable law. *See Cleverly v. Western Electric Co.*, 594 F.2d 638, 641 (8th Cir. 1978); *Cova v. Coca-Cola Bottling Co. of St. Louis*, 574 F.2d 958, 960 (8th Cir. 1978); *Laugesen v. Anaconda Co.*, 510 F.2d 307, 317 (6th Cir. 1975).

Instruction No. 7, unlike Instruction No. 2, did not list the elements of a prima facie case that a plaintiff must prove in an age

---

**2.** Instruction No. 2 stated: Your verdict must be for plaintiff George Tribble if you believe: *First*, that plaintiff George Tribble was in the protected class between the ages of forty and sixty-five years from December, 1977 through July 31, 1978, *Second*, that during that period defendant confronted plaintiff with the alternatives of early retirement or termination, *Third*, that plaintiff took early retirement under protest, and *Fourth*, that plaintiff's age was a determining factor affecting the decision made by defendant to confront plaintiff with the alternatives of early retirement or termination.

**3.** Instruction No. 7 stated: If you find that plaintiff George Tribble's age was a determining factor affecting the decision made by defendant to present plaintiff George Tribble with the alternatives of early retirement or termination, then your verdict must be for plaintiff

George Tribble even if you believe that other factors were also present.

The Age Discrimination in Employment Act of 1967, as amended, under which plaintiff George Tribble has brought his claim against defendant, was enacted by Congress for the purposes of prohibiting discrimination in employment on the basis of age and of requiring that employment decisions with respect to older persons be made on the basis of their abilities. The Act provides in part, "it shall be unlawful for an employer to discharge or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age."

If you find that age was a determining factor affecting plaintiff's discharge, then you must consider the question of damages.

discrimination case. Instruction No. 7 merely described the Age Discrimination in Employment Act and the Congressional purposes behind the act. When the instructions are read as a whole this Court cannot say that the presence of both instructions in the jury charge led to any misunderstanding or confusion. Nor are Instructions No. 2 and No. 7 inherently inconsistent or contradictory.

Both Instructions No. 2 and No. 7 are verdict directors for plaintiff. Westinghouse contends that the giving of a second verdict director prejudicially emphasized plaintiff's case. It is true that this Court has held that "(a) trial court should not needlessly repeat statements respecting theories or defenses if the effect is argumentative or tends to mislead or influence a jury." *Halladay v. Verschoor*, 381 F.2d 100, 113 (8th Cir. 1967), *citing White Auto Stores v. Reyes*, 223 F.2d 298, 305 (10th Cir. 1955). "In fact, a court should go as far as possible to avoid giving undue emphasis or prominence to a particular issue or theory." *Id.* In *Halladay v. Verschoor, supra*, the trial court repeated a theory in seven consecutive instructions. In the present case, the instructions that Westinghouse claims are repetitious appear only twice in the charge and are not consecutive. Furthermore, the case *sub judice* is more analogous to *White Auto Stores v. Reyes* than it is to *Halladay v. Verschoor*.

In *White Auto Stores v. Reyes, supra*, the "instructions objected to were statements of the law relating to the liability of an employer for the acts of his employee. There (was) no suggestion that the instructions did not correctly state the law on the subject." *White Auto Stores v. Reyes*, 223 F.2d at 305. Although Westinghouse did object to the instructions in this case, those instructions are nonetheless correct statements of the applicable law. Furthermore, both instructions were necessary for a proper disposition of the case. We hold that the trial court did not needlessly repeat any theories in the instructions, and did not unduly emphasize plaintiff's case.

■ Westinghouse challenges the trial court's damage instructions alleging that those instructions were inconsistent, conflicting, unfairly repetitious, confusing and misleading. Instruction No. 3 deals with plaintiff's discharge from employment.[4] Instruction No. 4 dealt with damages that flowed from Westinghouse's failure to hire.[5] Our reading of the record indicates that there is evidence from which the jury could infer that age was a determining factor in both the decision to discharge Tribble from his then current position and not to hire Tribble for any of the other jobs available at Westinghouse for which Tribble was ostensibly qualified. Our reading of the record further indicates that the employment decisions made by Westinghouse with regard to Tribble are not divisible and in order to explain fully the plaintiff's case to the jury it was necessary to present both the discharge and failure to hire theories. Again the district court's instructions must be read as a whole, the instructions must state the applicable law fairly and accurately and not be inflammatory or prejudicial. When Instructions No. 3 and No. 4 are considered in such a light, it is clear to this

4. Instruction No. 3 stated: If you find that plaintiff George Tribble was discharged because of his age, then you must award plaintiff back pay in the amount that he would have earned had he not been discharged, from the date he was discharged until the date of this trial, reduced by the amount of benefits and earnings from other employment received by plaintiff during that time.

5. Instruction No. 4 stated: If you find by a preponderance of the evidence that plaintiff's age was a determining factor in plaintiff's not obtaining the job of (sic) with Westinghouse and in violation of the statute, then you should consider the amount of damage to be awarded. Plaintiff is entitled to back pay in the amount he would have earned had he continued to be employed until he reached 65 years of age, less the amount of benefits and earnings from other employment or pension benefits received by plaintiff during that time.

The amount of back pay which plaintiff would have earned had he continued to be employed by defendant until he reached 65 years of age must be reduced by the amount which plaintiff could have earned had he sought alternative employment with reasonable diligence.

Court that no prejudicial error can be found. Whatever error might have been present was corrected by the trial court when it denied Westinghouse's motion for a new trial conditioned on plaintiff's filing of a remittitur.[6] We believe, as did the trial court, that the instructions given the jury set forth a full statement of the applicable law and adequately cover all issues raised at trial.

Plaintiff has asked this Court to enter an award of attorney's fees or grant appellee time to file a motion for attorney's fees. Counsel for appellee is directed to file a motion with the clerk of this court for attorney's fees on appeal. *See* Local Rule 17.

The judgment of the district court is in all respects affirmed.

---

**6.** The jury awarded plaintiff $55,710 in lost wages and did not return a verdict in plaintiff's favor on the question whether Westinghouse wilfully violated the statute. The trial court conditioned its denial of a new trial upon the plaintiff's filing of a remittitur in the amount of $11,275, the amount that plaintiff earned from part-time jobs during the period covered by the lost wages award. *Tribble v. Westinghouse Electric Corp.*, 508 F.Supp. 14, 16 (E.D.Mo. 1980).