Loyd S. DACE, Appellant,

v.

ACF INDUSTRIES, INC., Appellee.

No. 83–1024.

United States Court of Appeals, Eighth Circuit.

Feb. 16, 1984.

---

Before BRIGHT, ARNOLD, and FAGG, Circuit Judges.

PER CURIAM.

In view of certain arguments made in defendant's petition for rehearing en banc, which is being denied today by separate order, we deem it appropriate to offer a few additional comments about the issues in this case.

The most serious argument made by the petition for rehearing en banc is that the opinion of the panel, 722 F.2d 374 (8th Cir.1983), by which we reversed the District Court's grant of a directed verdict for the defendant, 553 F.Supp. 545, is based on legal principles in conflict with those stated by another panel of this Court in *Halsell v. Kimberly-Clark Corp.,* 683 F.2d 285 (8th Cir.1982), *cert. denied,* 459 U.S. 1205, 103 S.Ct. 1194, 75 L.Ed.2d 438 (1983). The petition points, for example, to our statement that on motion for directed verdict or for judgment notwithstanding the verdict consideration should usually be limited to evidence supporting the party who opposes the motion. Specifically, we held that the strength of testimony given by employees of the defendant is to be weighed by the jury, not by the Court, at least in the normal case. In *Halsell,* by contrast, as the petition points out, we did consider evidence provided by employees of the defendant in deciding to affirm a directed verdict granted by the District Court.[1]

The petition for rehearing en banc correctly states that this issue is an important and recurring one in the administration of justice. Perhaps at some point it should and will be addressed by the Court en banc. We believe, however, that the instant case is not the appropriate vehicle for this inquiry.

In *Halsell* the Court upheld the grant of the directed verdict on two independent and alternative grounds: (1) that the plaintiff had not made a prima facie case of age discrimination, and (2) that even assuming a prima facie case had been made, the rebuttal evidence offered by the defendant overwhelmingly established a legitimate, nondiscriminatory reason for discharging the plaintiff. In the present case, of course, the plaintiff did make a prima facie case of age discrimination. Both the District Court and this Court have so held. The discussion in *Halsell* of the strength of the evidence offered by the defendant related only to the second alternative basis for our holding and was not necessary to the decision in that case.

Furthermore, even in that portion of the opinion discussing the alternative holding based on the strength of the defendant's evidence, the *Halsell* court took care to distinguish the case before it from *Tribble v. Westinghouse Electric Corp.,* 669 F.2d 1193 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1767, 76 L.Ed.2d 342 (1983), in which the denial of a defendant's motion for directed verdict in an ADEA case was affirmed. In *Tribble,* we stated that "[t]he mere fact that Westinghouse articulated a legitimate nondiscriminatory reason for its discharge of plaintiff does not mean that Westinghouse is entitled to have a verdict directed in its favor." *Id.* at 1196. The *Halsell* court distinguished *Tribble* in the following manner:

> Unlike the case now before us, the plaintiff in *Tribble* had presented evidence from which the jury could infer that the plaintiff's age contributed to his discharge.

*Halsell,* 683 F.2d at 292 n. 6. The same distinction applies to the case made by the plaintiff here. As we have attempted to explain in the panel opinion, the plaintiff's own evidence, together with the contradictions in the defendant's proof, went beyond the mere making of a prima facie case.

---

1. But see *Halsell,* 683 F.2d at 295 (on motion for judgment n.o.v., court rules "without weighing the witnesses' credibility") (portion of opinion relating to affirmance of judgment n.o.v. on plaintiff's state-law claim).

"[W]e find that substantial evidence supports Dace's claim, over and above the bare minimum necessary to make a prima facie case ...." 722 F.2d at 378 n. 7. And, as we stated in summarizing the evidence produced by the plaintiff here, there were "reasonable grounds for a jury to disbelieve the defendant's proffered reasons" for selecting the plaintiff as the employee to be demoted. *Id.* at 379.

We see no purpose in convening the Court en banc to decide an issue that, even if it went in the defendant's favor, would not produce a decision affirming the directed verdict. Here, as in *Tribble,* and unlike *Halsell,* there was evidence from which a jury could reasonably infer that the plaintiff's age played a dispositive part in his discharge. We sit to decide individual cases, and declare principles of law only as an incident to that duty. It is tempting to pursue the debate in the abstract, but we decline to do so.

We therefore adhere to our original panel opinion, as supplemented and explained by these remarks.