**Benjamin WORTHINGTON, Plaintiff,**

v.

**Anthony M. FRANK, Postmaster General of the United States, Defendant.**

No. 87–2099C(6).

United States District Court, E.D. Missouri, E.D.

July 28, 1988.

Louis Gilden, St. Louis, Mo., for plaintiff.

Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., Deborah W. Carlson, Office of Field Legal Services, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

GUNN, District Judge.

Plaintiff brings complaint that he was discriminated against for job promotion by reason of his age, in violation of 29 U.S.C. § 633a, and in retaliation for the filing of a prior discrimination complaint, in violation of Title VII, 42 U.S.C. § 2000e, *et seq.* and 29 U.S.C. § 623(d). Trial without jury was held, and the following findings of fact and conclusions of law are entered pursuant to Rule 52(a), Fed.R.Civ.P.

*Findings of Fact*

1. On June 14, 1969, at the age of 40, plaintiff was hired by the St. Louis Postal Data Center as a PS Level 13, Systems Analyst and Programmer. Plaintiff achieved a number of promotions and pay increases thereafter.

2. On March 19, 1983, plaintiff competed for and received a promotion to the position of Computer Systems Analyst, EAS Level 22, at an annual salary of $37,888. At the time of this promotion, plaintiff was 53 years old.

3. From March 19, 1983 until his retirement on May 2, 1986, plaintiff was a Level 22, Computer Systems Analyst. During that period of time plaintiff received merit increases and his salary increased to $47,057.

4. On February 8, 1984, the Postal Service posted vacancy number 5482 for the position of Computer Systems Analyst, Senior, EAS Level 23, with a closing date of February 29, 1984.

5. Nine postal employees, including plaintiff, timely applied for the Level 23 position. At the time of his application plaintiff was 54 years old.

6. The vacancy announcement informed applicants about the qualifications for the position and to whom applications should be addressed, and also contained the following note:

> Employees are not eligible to apply or to be nominated for promotion under the competitive procedures to this position if they have been promoted (or initially appointed to the Postal Service) within the year immediately preceding the closing date of the vacancy announcement.

7. This eligibility requirement, which is known and referred to as the one-year-in-grade requirement, was promulgated by headquarters and is contained in HQ Circular 81-1.

8. On March 13, 1984, plaintiff was advised by a form letter signed by Ramon Cuffie, then Manager of Employee and Labor Relations, that he was ineligible to compete for position number 5482 because he did not meet the one-year-in-grade requirement. Indeed, plaintiff did not meet that requirement and knew that he was ineligible at the time he applied for the position.

9. A Promotion Review Committee was convened to review the seven remaining applicants, all of whom met the eligibility requirements. Subsequently, the committee recommended three individuals to the selecting official. On May 1, 1984, Richard Wegman (age 30) and Steven Charleston (age 28) were selected to fill the positions.

10. On June 15, 1983, the Postal Service posted vacancy announcement number 4943 for the position of Computer Systems Analyst, Senior, EAS Level 23. Plaintiff did not apply for this position, and he would not have met the one-year-in-grade eligibility requirement.

11. The Promotion Review Committee for position number 4943 recommended four applicants to the selecting official. Three of the applicants were under the age of 40 and had been promoted within one year of the closing date of this vacancy announcement. These three individuals were Steven Charleston (age 27), Herbert Daniels (age 29), and John Hartmann (age 32). Daniels and Hartmann eventually were selected for the positions.

12. Because Charleston, Daniels, and Hartmann did not meet the eligibility requirements for position number 4943, they should have been disqualified from competition.

13. In April 1982, before the events of this lawsuit, plaintiff filed an Equal Employment Opportunity (EEO) complaint alleging age discrimination over not receiving a promotion. (EEO Complaint No. 6-1-02-124-2). In this prior EEO complaint, plaintiff specifically named Ramon Cuffie, then Manager of Employee and Labor Relations, as one of three discriminating officials. Cuffie was one of the three Promotion Review Committee members that plaintiff accused of discrimination.

14. The failure to discover that Charleston, Daniels and Hartmann should have been disqualified for position number 4943 was due to staff error, and not a result of

discrimination or retaliation for plaintiff's EEO complaint. In order to avoid screening errors which had permitted ineligible candidates to qualify for promotion, Cuffie hired Debbie O'Donnell to replace those responsible for reviewing and tracking promotion packages.

15. Cuffie did not personally review applicants for promotion. Debbie O'Donnell, who presently has charge of tracking promotion packages, has been responsible for eliminating the errors in applying eligibility requirements.

16. Insofar as the retaliation issue is concerned, the Court finds that Cuffie was not aware that he had been named as a defendant in plaintiff's EEO complaint, and that the complaint had no bearing on the declaration that plaintiff was ineligible for position number 5482.

### Conclusions of Law

The Court has jurisdiction of the subject matter of this case alleging age discrimination, 29 U.S.C. § 633a, and Title VII reprisal, 42 U.S.C. § 2000e–16.

The essential facts of the case, as capsulized, leading to the controlling issue are:

On June 15, 1983, position number 4943 was opened. Plaintiff did not apply for the position, as he did not meet the one-year-in-grade requirement. However, three persons younger than plaintiff who did not meet the one-year-in-grade requirement were included in the pool of eligible applicants for the position. These three persons should have been disqualified but by reason of poor screening were allowed to complete for the position.

On March 13, 1984, position number 5482 became available, but this time plaintiff was advised that he was ineligible to compete, as he did not meet the one-year-in-grade requirement. Plaintiff was not qualified for the position. Through corrected screening procedures, all applicants considered for position number 5482 met all the requirements including the one-year-in-grade requirement. Two of these fully qualified applicants were younger than plaintiff, and because they were eligible and qualified were selected for the position.

Plaintiff was not considered as he was ineligible.

Plaintiff perceives discrimination in the application against him of the one-year-in-grade requirement with respect to the position number 5482 opening, whereas that same requirement was not applied against others younger than he with respect to the position number 4943 opening. Age and retaliation for his EEO challenge are given as bases for his complaint.

*Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981) and *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) supply the appropriate rubric for this action. The plaintiff has the burden of proving his prima facie case, and, if he does so, the defendant must articulate a legitimate nondiscriminatory reason for its action, to be followed by plaintiff's proof that defendant's reasons are merely pretextual. *Gilreath v. Butler Mfg. Co.,* 750 F.2d 701, 702 (8th Cir.1984); *Johnson v. Bunny Bread Co.,* 646 F.2d 1250, 1253 (8th Cir. 1981).

Plaintiff asserts two bases for his charge of unlawful discrimination: age and retaliation for filing an EEO claim. The Court considers these in turn.

One of the essential elements for establishing age discrimination is that the applicant meets the applicable job qualifications. *Tribble v. Westinghouse Elec. Corp.,* 669 F.2d 1193, 1196 (8th Cir.1982). He also has the ultimate burden of showing that age is a determining factor in his failure to obtain the position sought. *Id.* at 1196; *Cova v. Coca–Cola Bottling Co.,* 574 F.2d 958, 960 (8th Cir.1978).

It is undisputed that plaintiff was not qualified for position number 5482. He did not meet the established requirement of being a year in grade before seeking promotion. Thus, the employer has shown by credible evidence that plaintiff was denied the promotion for a legitimate, nondiscriminatory reason. But has the plaintiff followed through with his burden to show by

a preponderance of the evidence that the reason given for failure to promote was merely pretextual and that age was a determining factor in considering plaintiff's application? The answer is clearly "no". *See Cuddy v. Carmen*, 694 F.2d 853, 857 (D.C.Cir.1982); *Tribble v. Westinghouse Elec. Corp.*, 669 F.2d at 1196.

The procedural irregularities that occurred with regard to position number 4943, i.e., allowing promotion to individuals who did not meet the one-year-in-grade requirement, does not maculate those policies as a whole and as they applied to position number 5482. *Robino v. Norton*, 682 F.2d 192, 194 (8th Cir.1982); *Clark v. Huntsville City Bd. of Ed.*, 717 F.2d 525, 528 (11th Cir.1983).

The credible evidence in this case is simply that by improved personnel supervision, notably the work of Debbie O'Donnell, those who were ineligible for promotion, such as plaintiff, were no longer allowed to slip through administrative cracks. Efficient promotion package tracking did not permit plaintiff, who was not eligible for the position number 5482, to obtain that position. Neither age nor any other discriminatory factor had anything to do with plaintiff's disqualification for promotion.

In our vast system of government, many administrative errors occur. *Bishop v. Wood*, 426 U.S. 341, 349, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976). That happened with regard to position number 4943. It certainly does not follow that because administrative efforts became more efficient with regard to position number 5482 that such improved procedures were discriminatory.

As to the reprisal action, the Court finds no credible evidence of intent to retaliate against plaintiff because of his EEO complaint. Plaintiff has failed to carry his burden to prove intent to retaliate. *United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983).

Plaintiff asserts that Cuffie "had it in for him" because of being named a discriminatory defendant in the EEO claim. The credible evidence is that Cuffie was not aware of that fact. Thus, plaintiff fails to present any causal connection between the EEO claim and disqualification for promotion. *Talley v. United States Postal Serv.*, 720 F.2d 505, 508 (8th Cir.1983), *cert. denied*, 466 U.S. 952, 104 S.Ct. 2155, 80 L.Ed.2d 541 (1984). *See Womack v. Munson*, 619 F.2d 1292, 1296 (8th Cir.1980), *cert. denied*, 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981) (causal connection required in action based on retaliation). The cause for the declared ineligibility for promotion was the application of the legitimate, nondiscriminatory one-year-in-grade policy, not the EEO claim. *See Talley v. United States Postal Serv.*, 720 F.2d at 508.

Plaintiff has failed to meet his burden of proving that his disqualification from position number 5482 was motivated for reasons of age or retaliation.

Judgment for defendant.