755 F.Supp. 866 (1991)
Morgan I. DOYNE, Plaintiff,
v.
UNION ELECTRIC COMPANY, Defendant.
No. 89-2120 C(1).
United States District Court, E.D. Missouri, E.D.
January 7, 1991.
*867 *868 Marilyn Teitelbaum, Schuchat, Cook & Werner, St. Louis, Mo., for plaintiff.
Thomas Hanna, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., for defendant.

MEMORANDUM OPINION
DAVID D. NOCE, United States Magistrate Judge.
This action is before the Court for the entry of judgment following a jury trial. The parties consented to the exercise of jurisdiction over the action by a United States Magistrate Judge under 28 U.S.C. § 636(c)(3).
Plaintiff Morgan I. Doyne brought this suit against defendant Union Electric Company ("Union Electric") on the claim that Union Electric terminated Doyne from employment on account of his age, in violation of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., and the Missouri Human Rights Act, § 213.010 R.S.Mo.

Jury's findings.
Following a trial, the jury made the following findings: (1) Union Electric terminated Morgan Doyne from employment because of his age and to effect a cost saving because he had been paid a higher salary than a retained employee who was younger in age than Doyne. (2) Because of Finding (1), Doyne suffered $177,515.00 in lost monetary benefits, but suffered no mental anguish and suffering, up to October 1, 1990. (3) From October 1, 1990, to the time he otherwise would have retired from employment by Union Electric, Doyne would have suffered $273,993.00 in lost monetary benefits, but no mental anguish and suffering. (4) Doyne did not prove that Union Electric's age discrimination was willful. (5) Doyne proved entitlement to $48,492.00 in punitive damages. (6) Union Electric did not prove that it would have terminated Doyne without the motivation found in Finding (1). See, Jury Answers to Special Interrogatories, filed October 13, 1990.

Discussion.
In addition to the back pay (Finding (2), above), front pay (Finding (3), above), punitive *869 damages (Finding (5), above), and a reasonable attorney's fee, plaintiff seeks pre-judgment interest, from March 1, 1988 (the day plaintiff was terminated) through October 1, 1990 (the end of the jury's back pay computation), on the back pay award. Defendant argues that plaintiff is not entitled to pre-judgment interest or any front pay, and that any pay award must be reduced by the amount of Social Security benefits and pension payments he has received.

Pre-judgment interest.
Upon proof that the employer willfully violated the ADEA, an employee may recover liquidated damages. 29 U.S.C. § 626(b). When liquidated damages are awarded for willful age discrimination, a plaintiff is not entitled to recover pre-judgment interest, to avoid duplication of remedies; otherwise, pre-judgment interest may be appropriate. Gibson v. Mohawk Rubber Company, 695 F.2d 1093, 1102-03 n. 9 (8th Cir.1982). In this case the jury did not find that defendant committed a willful violation of the ADEA. Therefore, plaintiff is not entitled to liquidated damages.
Defendant argues that, although plaintiff is not entitled to liquidated damages, the jury did award him punitive damages which are similar in nature to liquidated damages. Therefore, defendant argues, plaintiff should not receive pre-judgment interest, to avoid a double recovery. This argument is incorrect. Liquidated damages for a violation of the ADEA are not punitive, but compensatory. Gibson, supra, 695 F.2d at 1102; Fariss v. Lynchburg Foundry, 769 F.2d 958, 967 (4th Cir. 1985). Thus, an award of punitive damages and pre-judgment interest is not a duplication of remedies.
Plaintiff is entitled to pre-judgment interest, if the back pay award was reasonably capable of being ascertained at the time of the discriminatory act. Behlar v. Smith, 719 F.2d 950, 954 (8th Cir.1983), cert. denied, University of Arkansas Board of Trustees v. Greer, 466 U.S. 958, 104 S.Ct. 2169, 80 L.Ed.2d 552 (1984); Morgan v. Arkansas Gazette, 897 F.2d 945, 954 (8th Cir.1990). In this case, the back pay award was the amount the jury found plaintiff would have earned if defendant had not terminated him, i.e., salary and benefits, added cost of insurance, lost pension and social security benefits, lost 401(k) benefits, and lost deferred compensation plan benefits. See, Jury Instruction No. 13. The amounts of these components were reasonably capable of being ascertained at the time plaintiff was terminated. Plaintiff is entitled to pre-judgment interest to compensate him for the loss of the use of these lost economic benefits. Behlar v. Smith, supra, 719 F.2d at 954.
Plaintiff argues that the amount of the pre-judgment interest should be either 7.4%, which plaintiff describes as the non-taxed municipal bond rate, or the current post-judgment interest rate provided by law, see 28 U.S.C. § 1961(a). The Court takes judicial notice of the facts that the "average accepted auction price for the last auction of fifty-two week United States Treasury bills," see 28 U.S.C. § 1961(a), was 7.14% on March 1, 1988, was 7.78% on October 1, 1990, and is now 7.02%. The Court will award pre-judgment interest at the rate of 7.14% per annum on the back pay award, because that was a reasonable, ascertainable rate when plaintiff was terminated. Equal Employment Opportunity Commission v. Northwest Airlines, 1989 WL 168009, 1989 U.S.Dist. LEXIS 16793, 51 FEP Cases 1317, 1331 (W.D. Wash.1989) (Weinberg, U.S. Mag. J.); cf., General Facilities, Inc. v. National Marine Service, Inc., 664 F.2d 672, 674 (8th Cir.1981).

Front pay in lieu of reinstatement.
Plaintiff seeks an award of the front pay found by the jury, instead of reinstatement as a Union Electric employee. Following the jury trial, the Court received evidence on plaintiff's entitlement to equitable relief. From the evidence adduced at trial and during the post-trial hearing, the undersigned makes the following findings:
*870 1. Morgan Doyne would prefer not to return to work at Union Electric. He believes that neither he nor Union Electric can work together harmoniously. However, if the Court ordered reinstatement in lieu of the front pay found by the jury in Finding (3), above, he would reluctantly return to work there.
2. Doyne is not sure he will seek employment elsewhere. Although he has sent out job applications, he has not followed up on them. His interest in gainful employment past age 65 is tepid at most.
3. Under the Union Electric retirement plan, plaintiff could have retired at age 65. Had plaintiff been and remained employed by defendant after October 1, 1990, he would have decided to retire from defendant's employment upon reaching the age of 65, on January 11, 1991.
4. Plaintiff's pension is $853.54 per month. As of October 1, 1990, plaintiff has received $26,459.74 in pension payments. Between October 1, 1990, and January 11, 1991, plaintiff will receive $2,873.58 (3 × $853.54 plus $853.54 × 11/30) in pension payments.
Plaintiff and defendant are uniquely in agreement that plaintiff's reinstatement as a Union Electric employee is not appropriate. Defendant contended at trial that plaintiff was an unsuitable employee. In its post-trial memorandum on this issue, defendant argues that reinstatement of plaintiff is not appropriate. Plaintiff, for his part, believes that defendant is unsuitable as an employer. The Court believes that to force defendant to reinstate plaintiff, in a position comparable to that which he held at termination, would result in an unsatisfactory and unproductive employment relationship. Such a shotgun marriage is particularly inappropriate, because plaintiff at the end of his employment with defendant held a position of substantial responsibility, the Superintendent of Nuclear Services (Site) at the Union Electric Calloway Nuclear Power Plant. Morgan v. Arkansas Gazette, supra, 897 F.2d at 953-54; Dickerson v. Deluxe Check Printers, Inc., 703 F.2d 276, 280 (8th Cir.1983). Therefore, the Court will not order reinstatement.
Plaintiff seeks an award of the front pay found by the jury. Defendant argues that to award front pay would be improper, because plaintiff has abjured reinstatement at Union Electric and gainful employment in general. The Court agrees that plaintiff has not pursued gainful employment with the vigor which the law requires for the mitigation of damages. Coleman v. City of Omaha, 714 F.2d 804, 808 (8th Cir.1983). Nevertheless, he is entitled to an appropriate amount of front pay, because the jury found that defendant would not have terminated him, absent the discriminatory motive. Thus, he would have remained employed by defendant past March 1, 1988.
Defendant also argues that front pay is inappropriate, because the evidence was speculative that plaintiff would continue in defendant's or anyone's employ after March 1, 1988. The Court disagrees. The jury's findings of back pay and front pay were based upon its determinations of what his Union Electric salary and employment benefits would have been after March 1, 1988, past October 1, 1990, to the date he otherwise would have retired from Union Electric. See, Jury Instruction No. 13. Thus, it is clear that the jury believed, and the Court also believes, that plaintiff would have been employed by defendant up to and after October 1, 1990.
The Court agrees with defendant, however, that the amount of the jury's front pay award, $273,993.00, is very excessive, because it is based only upon speculation about the length of plaintiff's continued employment with defendant after January 11, 1991.
The amount found by the jury reflects exactly the only supporting evidence, the trial testimony of plaintiff and his expert, Professor Robert Sorensen. See, Pl. Exh. 41, p. 4. Plaintiff testified he would continue to stay employed by defendant until his seventieth birthday, on January 11, 1996, almost eight years after March 1, 1988. Professor Sorensen's testimony and calculations *871 were based upon this assumption. When considered in the context of the defendant's operational reorganization which was occurring at the time of plaintiff's termination, and in the context of plaintiff's lackluster effort to find new employment, there is insufficient evidence to support the jury's implicit finding that plaintiff would have remained gainfully employed with defendant until age 70.
The Court has found that plaintiff would have retired from Union Electric employment at age 65, when retirement was available. Cf., Gibson, 695 F.2d at 1101 n. 8. Thus, he is entitled to front pay for the period October 1, 1990, to January 11, 1991. The Court determines this amount to be $19,610.66 ($17,520.00 for 1990 plus $2,090.66 ($69,372 × 11/365) for 1991), see, Pl. Exh. 41, p. 4, plus a recalculation of future pension benefits which reflect employment to January 11, 1991.
Defendant argues that plaintiff's back pay and front pay awards should not include the pension benefits and Social Security payments he has already received. The amounts calculated by Professor Sorensen and accepted by the jury did not deduct these payments.
The Court will not deduct any amount to offset the Social Security benefits plaintiff has received. Plaintiff's counsel has informed the Court that the Social Security Administration has advised plaintiff that it will recoup the Social Security retirement benefits plaintiff has received and he will not be entitled to Social Security benefits for some time into the future. See, Pl.'s Motion to Submit Additional Evidence, filed December 10, 1990. Defendant has not contested this statement. Further, this statement is consistent with the dictates of the Social Security Act and the regulations promulgated under it. 42 U.S.C. §§ 403(b), 404; 20 C.F.R. §§ 404.415, et seq.
Defendant argues that plaintiff's back and front pay awards should be reduced also by the amount of pension benefits he has received and will receive from defendant. The Court agrees. Plaintiff is entitled to be made whole for the loss of employment benefits he suffered in the past and is reasonably expected to suffer in the future, as a result of the defendant's discriminatory action. E.g., Graefenhain v. Pabst Brewing Company, 870 F.2d 1198, 1210 (7th Cir.1989); Equal Employment Opportunity Commission v. Northwest Airlines, 49 FEP Cases 1433, 1438, 1987 WL 59590 (W.D.Wash.1987) (Weinberg, U.S. Mag. J.), and cases cited thereat. Neither the plaintiff, MacDissi v. Valmont Industries, Inc., 856 F.2d 1054, 1061 (8th Cir.1988), nor the defendant, Equal Employment Opportunity Commission v. O'Grady, 857 F.2d 383, 391 (7th Cir.1988), should reap a windfall from the calculation and award of compensatory damages.
In this case, plaintiff has received determinations of back pay and front pay which do not take into consideration the monthly pension payments which defendant has paid to plaintiff after March 1, 1988. Therefore, for the Court not to credit defendant with the amount of the pension payments already paid would be to give the plaintiff a windfall of the pension amounts above the recovery of his lost salary and other benefits of employment at defendant plus the prejudgment interest the Court awards. Although these pension payments are consideration for plaintiff's past employment with defendant, they are not payable to him during a time in which he would have been employed by defendant and receiving a salary.
The deduction of the pension payments is not a windfall to the defendant, because defendant is being made to pay now all that it would have paid to plaintiff, plus the loss of use thereof, absent the age discrimination.
Under these circumstances the payment of both the past monthly pension payments, plus the back pay, the front pay, prejudgment interest, and the recalculation of future pension payments would be to duplicate relief and give plaintiff a windfall. Graefenhain v. Pabst Brewing Company, supra, 870 F.2d at 1210; Hagelthorn v. Kennecott Corp., 710 F.2d 76, 87 (2nd Cir.1983); Tribble v. Westinghouse *872 Electric Corporation, 508 F.Supp. 14, 16 (E.D.Mo.1980), aff'd, 669 F.2d 1193 (8th Cir.1982); Equal Employment Opportunity Commission v. Northwest Airlines, supra, 49 FEP Cases at 1438.
The holdings of Blake v. J.C. Penney Co., Inc., 894 F.2d 274, 282 (8th Cir.1990) and Stuart v. Normandy Osteopathic Medical Center of St. Louis, Inc., 1990 WL 112432, 1990 U.S.Dist. LEXIS 15152, pp. 5-6, 52 FEP Cases 1552 (E.D.Mo.1990), are factually inapposite because they involved the payment of pension benefits in lump sum which exhausted the employees' pension rights. They did not involve the consideration of past pension payments and the calculation of future payments.
Therefore, plaintiff shall receive back pay in the amount of $151,055.26 ($177,515.00 less $26,459.74) and front pay in the amount of $16,737.08 ($19,610.66 less $2,873.58), plus appropriate interest.

Attorney's fee.
Plaintiff, as the prevailing party, is entitled to recover a reasonable attorney's fee. 29 U.S.C. § 216(b); Hagelthorn v. Kennecott Corporation, supra, at 86. Indeed, the parties have begun post-trial discovery on the fee amount. After the entry of judgment with this memorandum, plaintiff will have twenty-one days in which to file a motion for the fee award. See, E.D.Mo. Local Rule 30. Such a motion shall be supported by affidavit(s) specifically describing the hours expended, the basis for the rate applied to the hours, and any other supporting factor. From the time the motion is filed, plaintiff's counsel shall make available for examination and copying by defense counsel, at defendant's expense, all documents which support the motion and the affidavit, including time records, with any privileged attorney-client communication excised. Defendant shall have twenty-one days in which to file a response to the motion. The Court will conduct a hearing, if necessary to resolve any issue of material fact.
An appropriate Judgment is issued herewith.

JUDGMENT
This action was tried before the undersigned United States Magistrate Judge, sitting with a jury, by consent of the parties under 28 U.S.C. § 636(c)(3). The jury having rendered its findings and the Court having filed its Memorandum Opinion,
IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Morgan I. Doyne have and recover from defendant Union Electric Company (a) back pay in the amount of $151,055.26 plus prejudgment interest thereon of 7.14% per annum from March 1, 1988, to the date of this judgment and hereafter at the rate of 7.02% per annum; (b) front pay in the amount of $16,737.08, plus interest thereon hereafter at 7.02% per annum; (c) punitive damages in the amount of $48,492.00, plus interest thereon hereafter at 7.02% per annum; (d) a reasonable attorney's fee; and (e) the costs of the action.
IT IS FURTHER ORDERED, ADJUDGED and DECREED that defendant shall recompute and pay plaintiff a monthly retirement pension benefit from and after January 11, 1991, in the amount to which plaintiff would have been entitled had he been employed by defendant until January 11, 1991, in a position comparable to that in which he was employed immediately prior to his termination on March 1, 1988, plus interest thereon for each unpaid due payment at the rate of 7.02% per annum.