553 F.Supp. 545 (1982)
Loyd S. DACE, Plaintiff,
v.
ACF INDUSTRIES, INC., Defendant.
No. 81-1285C(4).
United States District Court, E.D. Missouri, E.D.
November 4, 1982.
Opinion on Motion for New Trial November 29, 1982.
*546 Bruce Nangle and Michael P. Bastian, St. Louis, Mo., for plaintiff.
Gerald Tockman, Louis N. Laderman, St. Louis, Mo., for defendant.

MEMORANDUM
HUNGATE, District Judge.
The Court finds that based upon all of the evidence presented, and the principles announced in Halsell v. Kimberly-Clark Corporation, 683 F.2d 285 (8th Cir.1982) and Lovelace v. Sherwin-Williams, 681 F.2d 230 (4th Cir.1982), the defendant, ACF Industries, Inc., is entitled to a directed verdict in its favor.
The Court believes that, taken alone, plaintiff, in his case-in-chief, introduced sufficient evidence to support an inference that the plaintiff may have been demoted under circumstances involving unlawful discrimination such that the burden of going forward with the evidence shifted to the defendant. However, it is clear from the overwhelming evidence adduced by defendant in its case that any inference in plaintiff's favor has been destroyed and that defendant has carried the burden of establishing evidence on the record pointing to legitimate nondiscriminatory reasons for the demotion which are legally sufficient to justify a judgment in its favor.
The Court finds that plaintiff has not introduced, nor by any offer of proof made to the Court offered, admissible evidence establishing a prima facie case of age discrimination. No direct evidence of any kind has been offered to demonstrate that age was any factor whatsoever in defendant's decision to demote plaintiff. Instead, plaintiff has sought to introduce circumstantial evidence based upon the seniority achieved by plaintiff, that cost was the primary factor leading to the adverse action taken against him. From this, plaintiff would have the jury further infer that age was the true motivation. This would require an inference upon an inference, and one the Court believes does not logically follow of necessity. Simply put, plaintiff has not offered sufficient direct or indirect evidence to carry the ultimate burden of showing that age was a criterion considered by defendant, let alone a determining consideration. When coupled with defendant's direct evidence as to plaintiff's lack of training qualifications, defendant's significantly declining production, and economic circumstances, making necessary the reduction in force, and the criteria considered in the demotion decision, including departmental experience and seniority, and prior job performance difficulties, any presumption of age discrimination drops from the case.
For these reasons, the Court believes that there is no basis from which the jury might reasonably conclude from the evidence that plaintiff suffered the alleged age discrimination and that any attempted resolution of the question might well lie within the realm of surmise, speculation, and conjecture so that the issue should not be submitted to the jury.
Further, as to all remaining issues with respect to plaintiff's claims seeking equitable relief, the Court finds that the same are rendered moot and will be denied in view of the foregoing determination granting defendant's motion for a directed verdict in its favor.

ON MOTION FOR NEW TRIAL
This matter is before the Court on plaintiff's motion for new trial and defendant's motion for costs.
*547 This action was brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq., following plaintiff's demotion from foreman to hourly employee at the defendant's carburetor manufacturing plant in St. Louis, Missouri. Plaintiff, Loyd S. Dace, sought monetary damages and equitable relief. Hearing of the equitable and legal issues was severed for bifurcated trial. Trial of plaintiff's claim for monetary damages commenced before a jury on September 28, 1982. On October 4, 1982, the Court entered an order for directed verdict in favor of defendant, ACF Industries, Inc., at the close of defendant's presentation of evidence.
Plaintiff seeks a new trial charging the Court erred in denying plaintiff an opportunity to present rebuttal evidence to show that defendant's proffered reasons for plaintiff's reduction to the bargaining unit were pretextual. Plaintiff also argues that his evidence constituted the presentation of a prima facie case sufficient to submit to the jury.
Both arguments are without merit. To establish a prima facie case "the plaintiff must produce sufficient evidence to support an inference that the defendant employer based its employment decision on an illegal criterion (citations omitted)." Halsell v. Kimberly-Clark Corp., 683 F.2d 285, 290 (8th Cir.1982). Plaintiff failed to introduce any evidence that age was either the sole reason or one of several reasons for the demotion. The only evidence presented for this purpose concerned seniority, not age. Similarly, plaintiff made no offer of proof which could have cured this fatal defect, although he did offer rebuttal evidence concerning the legitimate non-discriminatory reasons cited in defendant's case.
Because of this and because any presumption in his favor was exhausted by defendant's evidence, the Court was not required to perform the "three-step `judicial minuet' of procedure" contemplated within McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and its progeny. Plaintiff has erroneously confused his ultimate burden of proof with duty of the parties to go forward with the production of evidence at various stages in trial of the case. Halsell, supra at 291 n. 5; see also Reeves v. General Foods Corp., 682 F.2d 515, 521 (5th Cir.1982).
Defendant's motion for costs attendant to expert deposition seeking $250.00 as reimbursement for the fee paid by defendant to plaintiff's expert witness, Dr. Thomas Stevenson, will be granted. The Court finds that the aforesaid deposition, taken August 31, 1982, was occasioned by plaintiff's inadequate responses to defendant's repeated written requests for discovery regarding the basis and content of Dr. Stevenson's proposed testimony at trial.