756 F.2d 681
 Linda HIGGINS, as Trustee for the Heirs and Next of Kin of
Steven Martinez, and as Personal Representative
for the Estate of Steven Martinez,
Decedent, Appellant,
v.
The HICKS COMPANY and The State of South Dakota, Appellees.
Mallard TEAL, Appellant,
v.
The HICKS COMPANY and the State of South Dakota, Appellees.
 Nos. 83-2104, 83-2105.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Dec. 10, 1984.
Decided March 12, 1985.
 
 David O'Connor, Woodbury, Minn., for appellant.
 Franklin J. Wallahan and Scott Sumner, Rapid City, S.D., for appellees.
 Before HEANEY, ROSS and FAGG, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 Linda Higgins, trustee of the heirs and personal representative of the estate of Steven Martinez, and Mallard Teal (plaintiffs) appeal from a jury verdict in favor of The Hicks Company and the State of South Dakota (defendants). Higgins and Teal raise numerous grounds of error on appeal. Our primary concern is with the contention that they did not receive a fair trial due to certain closing argument comments made by The Hicks Company's counsel. Although we agree that certain of the remarks made by counsel for the Hicks Company were improper, we do not believe they rise to the level of reversible error. Accordingly, we affirm.
 
 
 2
 This lawsuit is the result of two separate motorcycle accidents that occurred on a four-lane divided highway in South Dakota. The accidents occurred after sunset on a stretch of Interstate 90 that was under construction. The Hicks Company, under contract with the State of South Dakota, was resurfacing the interstate with asphalt. On the day of the accident, there was a 5.4 mile stretch of highway that had been resurfaced on the passing lane of eastbound I-90 but not on the driving lane. This left a 3-4 inch ridge over which a driver had to maneuver to move from the driving lane to the passing lane. Steven Martinez lost control of his motorcycle when moving from the driving lane to the passing lane and was fatally injured. Mallard Teal also lost control of his vehicle when changing lanes on this 5.4 mile stretch and claims damages as a result of the injuries he sustained.
 
 
 3
 Plaintiffs claim that The Hicks Company and the State of South Dakota were negligent in opening both eastbound lanes on I-90 at this 5.4 mile stretch without adequate warning signs. Defendants deny any negligence and claim Martinez and Teal were contributorially negligent in operating their motorcycles at a speed greater than was reasonable under the circumstances and in failing to keep a proper lookout. The jury returned a verdict favorable to The Hicks Company and the State of South Dakota. We address the contentions raised on appeal in turn.
 
 
 4
 First, plaintiffs claim that they are entitled to a new trial because of certain comments made by counsel for The Hicks Company during closing arguments. The comments that primarily concern us are Mr. Wallahan's statements that:
 
 
 5
 I'm not telling you that there is evidence that they were drinking, that they were drunk or they were on drugs because there is no evidence to that effect. I'm telling you consider using your common sense. Could they have been using any one or more of those substances? Just--I'm not saying they were. Just use your own common sense. What would possess them to pull out and to pass all of these slower-moving vehicles?
 
 
 6
 With respect to wrongful death damages, Mr. Wallahan argued:
 
 
 7
 In looking over these prior years, remember some of those prior years went back before he quit smoking marihuana and using cocaine and LSD. There was no evaluation made to see how much of his personal income he consumed on his own--and I don't mean to speak disrespectfully--but, the selfish abusive habits, when maybe his children, in fact, could have used new shoes or whatever.
 
 
 8
 Although plaintiffs' counsel did not articulate the specific grounds upon which he objected to these remarks, we believe that the grounds were more than clear to the district court. We thus review the district court's denial of plaintiffs' new trial motion under an abuse of discretion standard. See Wilfing v. General Motors Corp., 685 F.2d 1049, 1053 (8th Cir.1982).
 
 
 9
 There is no record evidence showing or even suggesting that either Martinez or Teal was drinking or taking drugs at the time of their accidents. In fact, the evidence was to the contrary. Gayle Martinez, the widow of Steven, testified that her husband was a reformed alcoholic who had not consumed any alcohol or drugs for the past three years. Teal testified that he had not been drinking prior to his accident. Further, there is no evidence that during the period of time Martinez did have a drug and alcohol problem that his children were hurting for "new shoes or whatever."
 
 
 10
 We do not condone the offhand remarks of Mr. Wallahan. "[I]n federal jury trials, counsel's argument must be limited by the evidence and law pertinent to the issues in the case." Id. at 1052. We note that "when a lawyer departs from the path of legitimate argument, he does so at his own peril and that of his client, and if his argument is both improper and prejudicial, then he [may destroy] any favorable verdict that his client may obtain." Id. (quoting London Guarantee & Accident Co. v. Woelfle, 83 F.2d 325, 342 (8th Cir.1936)). The district court overruled plaintiffs' objections to Mr. Wallahan's remarks, but the court instructed the jury on at least two occasions that closing argument comments of counsel are not evidence. Although it is a close question, a careful review of the record leads us to conclude that a reversal is not in order.
 
 
 11
 Plaintiffs raise numerous other contentions respecting closing argument comments of The Hicks Company's counsel. At trial the parties agreed that objections to the closing argument of opposing counsel would be short and concise and that counsel could elaborate on the specific grounds for any objection following closing arguments. Plaintiffs' counsel either failed to object or simply objected without further elaboration to the numerous contentions he now raises on appeal. In the absence of an adequate objection, we review for plain error. See Rogers v. Rulo, 712 F.2d 363, 367 (8th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 719, 79 L.Ed.2d 181 (1984). We do not believe that the other comments complained of result in a plain miscarriage of justice. See id.
 
 
 12
 Second, plaintiffs claim that they are entitled to a new trial because the district court erroneously instructed the jury on the definition of proximate cause (Instruction 12) and on a motorist's duty of care (Instruction 15). We believe Instruction 12 is a proper statement of the law. See Carlsen v. Javurek, 526 F.2d 202, 209 (8th Cir.1975) (finding an instruction identical to Instruction 12 to be proper). The last sentence of Instruction 15 informed the jury that "a motorist traveling on a highway under construction is required to exercise a greater degree of caution than is required on a highway not under construction." (Emphasis added.) The plaintiffs contend that this sentence is an improper statement of the law and is misleading and indefinite because of inclusion of the word "greater." When a portion of a jury instruction is assigned as error, we are bound to consider the instruction as a whole. Vanskike v. ACF Industries, Inc., 665 F.2d 188, 206 (8th Cir.1981), cert. denied, 455 U.S. 1000, 102 S.Ct. 1632, 71 L.Ed.2d 867 (1982). Because the first sentence of Instruction 15 informed the jury that any person operating a motor vehicle on a public highway has a duty to operate the vehicle "as a reasonably prudent person would * * * under the same or similar circumstances," we believe the instruction taken as a whole adequately states the applicable law.
 
 
 13
 Third, plaintiffs contend that it was error for the district court to refuse to admit evidence that the State of South Dakota carries liability insurance. Plaintiffs contend that evidence of the state's liability insurance was admissible to eliminate any bias of the jurors as taxpayers of the State of South Dakota. We cannot agree.
 
 
 14
 Evidence of liability insurance may be admitted if relevant to an issue in the case or to prove bias or prejudice of a witness. Fed.R.Evid. 411. It is not admissible to prove negligence of the insured person. Id. The advisory committee note to Federal Rule 411 indicates that "knowledge of the presence or absence of liability insurance would induce juries to decide cases on improper grounds." We believe that evidence of the state's liability insurance was irrelevant to any issues in this case and that the evidence was properly excluded by the district court.
 
 
 15
 Fourth, plaintiffs contend that the district court committed error in failing to direct a verdict in their favor on the basis of the testimony of their expert witness Dr. William Berg. Berg testified as to the inadequacy of the safety measures at the construction site.
 
 
 16
 [A] motion for directed verdict is properly denied where the evidence presented allows reasonable men in a fair exercise of their judgment to draw different conclusions.... In making this determination, the evidence, together with all reasonable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party.
 
 
 17
 Dace v. ACF Industries, Inc., 722 F.2d 374, 375 (8th Cir.1983), adhered to as supplemented, 728 F.2d 976 (1984) (quoting Giordano v. Lee, 434 F.2d 1227, 1231 (8th Cir.1970), cert. denied, 403 U.S. 931, 91 S.Ct. 2250, 29 L.Ed.2d 709 (1971)). We cannot say that the district court abused its discretion in denying plaintiffs' motion for a directed verdict. There was conflicting evidence of record regarding the adequacy of the safety precautions taken and we cannot say that the evidence leads to but one conclusion.
 
 
 18
 Finally, plaintiffs contend that it was error for the district court to admit evidence of the absence of prior accidents on I-90 at the stretch of the road where their accidents occurred and at other construction sites where lane differentials existed. Plaintiffs objected to introduction of this evidence at trial as irrelevant and without adequate foundation. We believe that evidence of the absence of prior accidents is relevant to the question of defendants' knowledge of the existence of any dangerous condition. Plaintiffs' foundation objection lacked specificity. In the absence of a specific objection on foundation grounds, reversal is not required. United States v. Wagoner, 713 F.2d 1371, 1377 (8th Cir.1983). Although we believe that defense counsel could have laid a more adequate foundation for admission of the testimony, we do not believe the district court abused its discretion in admitting the "negative" prior accident testimony.
 
 
 19
 We reiterate our displeasure with the improper remarks made by counsel for The Hicks Company in closing argument. Mr. Wallahan extended himself to the outer limits of propriety and in doing so imperiled the interests of his client. Indeed, Mr. Wallahan was seemingly bent on snatching defeat from the jaws of victory. However, we cannot conclude that the district court abused its discretion in denying plaintiffs' new-trial motion.
 
 
 20
 Affirmed.