Carol Anne HARRIS, Appellant,

v.

FORD MOTOR COMPANY, Appellee.

No. 80–1583.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1981.

Decided June 23, 1981.

Thomas D. Thalken, U. S. Atty., Dist. of Nebraska, and Joseph F. Gross, Jr., Asst. U. S. Atty., Omaha, Neb., for appellee.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

Samuel I. McHenry, Kansas City, Mo., for appellant.

W. Perry Brandt, argued, Samuel J. Goldberg, Stinson, Mag & Fizzell, Kansas City, Mo., for appellee Ford Motor Company.

Before BRIGHT, HENLEY and ARNOLD, Circuit Judges.

PER CURIAM.

Carol Anne Harris brought this action against the Ford Motor Company (Ford), alleging sex discrimination, in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.* (1976). The district court,[1] concluding that no discrimination occurred, entered judgment in favor of Ford. We affirm.

I. *Background.*

On August 22, 1973, Carol Anne Harris began working for the Ford Motor Company at its auto assembly plant in Claycomo, Missouri. Ford assigned her, under the usual ninety-day probationary period, to re-

place Jerry Niemeier in the passenger chassis section. Niemeier trained Harris in the various required tasks and by the sixth day of employment, Harris worked exclusively on her assembly line job installing instrument panels. Throughout this period, Harris had difficulty mastering her assigned job and received extra assistance. On the ninth day, her supervisor, Donald R. Smith, recommended terminating Harris' employment after observing that Harris could not complete her operation on approximately seventy percent of the units and otherwise failed to perform satisfactorily. The Company discharged Harris on September 5, 1973.

Harris thereafter filed a charge of employment discrimination. The EEOC found no reasonable cause to believe that the employer violated Title VII and thereafter issued a right-to-sue letter. After a bench trial, the district court concluded that Harris was not discharged because of her sex and that Ford committed no unlawful act under Title VII.

II. *Analysis.*

■ To establish intentional discrimination, Harris must prove that her firing resulted from discriminatory motivation. *See International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335–36 n.15, 97 S.Ct. 1843, 1854–55 n.15, 52 L.Ed.2d 396 (1977); *Kirby v. Colony Furniture Co., Inc.*, 613 F.2d 696, 702 (8th Cir. 1980); *Marshall v. Kirkland*, 602 F.2d 1282, 1299 (8th Cir. 1979). In her case, the district court found:

> The decision to discharge plaintiff was made by Don Smith on plaintiff's ninth day of work. He based this decision solely on plaintiff's unsatisfactory work performance, including her inability to perform her assigned operation, her failure to learn her assigned operation within a reasonable period of time, and her failure to note items of work missed by marking the windshield of the unit.

---

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

. The fact that plaintiff is a woman had nothing to do with the decision to terminate her employment.

 Harris does not directly challenge these findings, conceding that she failed to prove intentional discriminatory treatment based on sex. Rather, Harris maintains that she established a prima facie case of discrimination under a disparate impact theory and that Ford failed to rebut that case. That theory, however, does not apply to the facts of this case.[2]

 To establish a prima facie case under the *Griggs* theory of disparate impact, an employee must, as a threshold matter, point to a facially-neutral employment practice or criteria that operates in a discriminatory manner. *Griggs v. Duke Power Co.*, 401 U.S. 424, 431, 91 S.Ct. 849, 853, 28 L.Ed.2d 158 (1971). Harris does not argue that such a neutral practice exists. Instead, she alleges that Ford's *subjective* decisions in determining discharges for "poor workmanship" impacts disproportionately on women. Nonobjective evaluation systems may be probative of intentional discrimination, especially when discriminatory patterns result, because such systems operate to conceal actual bias in decisionmaking. *See Satz v. ITT Financial Corp.*, 619 F.2d 738, 746 (8th Cir. 1980); *Rowe v. General Motors Corp.*, 457 F.2d 348, 359 (5th Cir. 1972). A subjective decision-making system, however, is not the type of practice outlawed under *Griggs* and cannot alone form the foundation for a discriminatory impact case. *See Taylor v. Teletype Corp.*, 648 F.2d 1129, 1132 n.6 (8th Cir. 1981).

We agree with the district court that no basis exists for concluding that Ford fired Harris in violation of Title VII. Accordingly, we affirm.

---

2. Because we hold that no predicate for an impact case exists, we need not consider the district court's finding that the statistical sample was too small to establish discrimination.