Norma D. TALLEY, Appellant,

v.

UNITED STATES POSTAL
SERVICE, Appellee.

No. 82–2123.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1983.

Decided Nov. 3, 1983.

Thompson & Mitchell, Charles M. Poplstein, St. Louis, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Joseph B. Moore, Asst. U.S. Atty., St. Louis, Mo., Joel S. Trosch, Asst. Gen. Counsel, Susan R.

Klavens, Atty., U.S. Postal Service, Washington, D.C., for appellee.

Before JOHN R. GIBSON and FAGG, Circuit Judges, and WOODS,* District Judge.

FAGG, Circuit Judge.

Norma Talley, a former United States Postal Service employee, appeals the district court's dismissal of her racial and sexual discrimination in employment claims brought under 42 U.S.C. § 2000e *et seq.* For reversal, Talley argues that the district court committed error in finding that she failed to prove a case under either a disparate impact or disparate treatment theory and in failing to make findings with respect to her retaliatory discharge claim. We affirm.

Norma Talley, a black female, was employed by the United States Postal Service as a temporary casual letter carrier. USPS hires temporary casual employees to supplement the career work force during busy seasons and vacation periods. Talley gained access to the mailboxes on her route by use of assigned keys. The keys open approximately 10,000 mailboxes in the St. Louis area. On October 14, 1977, Talley temporarily lost her set of keys. After notifying USPS of the loss, Talley returned to her route and located the keys on the ground in the vicinity of her parked car. On October 21, 1977, Talley was responsible for the permanent loss of a set of keys issued to her that morning. Charles Stoetzer, a white male, who was acting station manager at the branch post office Talley delivered for, viewed Talley's mishandling of the keys on the two occasions as a serious threat to the security of the mail that necessitated her discharge.

A. *Disparate Impact Claim*

 Talley argues that the district court committed error in denying the applicability of a disparate impact analysis to her claims of race and sex discrimination.

---

* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

She contends that subjective decision-making by the primarily white supervisory force has disproportionately affected blacks and females. To establish a prima facie case of disparate impact, a plaintiff must show "that a facially neutral employment practice actually operates to exclude from a job a disproportionate number of members of a protected class." *Hawkins v. Anheuser-Busch, Inc.*, 697 F.2d 810, 815 (8th Cir.1983). "A subjective decision-making system * * * cannot alone form the foundation for a discriminatory impact case." *Harris v. Ford Motor Co.*, 651 F.2d 609, 611 (8th Cir.1981). Since Talley broadly attacks USPS' system of subjective decision-making rather than pointing to a facially neutral employment practice that operates in a discriminatory manner, the district court correctly concluded that application of a disparate impact analysis was inappropriate.

**B.** *Disparate Treatment Claim*

Because the district court did not dismiss Talley's disparate treatment claim for lack of a prima facie showing, but instead decided the case after it had been fully tried on the merits, it is unnecessary for this court to review as a preliminary matter whether Talley did in fact make out a prima facie case. *See United States Postal Service Board of Governors v. Aikens,* —— U.S. ——, —— – ——, 103 S.Ct. 1478, 1481–83, 75 L.Ed.2d 403 (1983). USPS had the burden of rebutting the presumption of discrimination that arises upon a prima facie showing by articulating a legitimate nondiscriminatory reason for Talley's discharge. *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 253–54, 101 S.Ct. 1089, 1093–94, 67 L.Ed.2d 207 (1981). Charles Stoetzer testified that Talley was discharged because she mishandled her keys on two occasions and thereby threatened the security of the mail. Although Talley disputed that she lost her keys on the second occasion, the district court made a credibility determination with respect to the testimony presented and found that Talley was in fact responsible for the loss of keys on October 21.

It was incumbent upon Talley to prove by a preponderance of the evidence that USPS' articulated reason was a pretext for discrimination. *See Burdine, supra,* 450 U.S. at 253, 101 S.Ct. at 1093. Talley presented evidence of differential treatment on behalf of USPS in that other USPS employees who permanently lost their keys were not discharged. The district court correctly found, however, that Talley and the other employees were not similarly situated. *See Johnson v. Bunny Bread Co.,* 646 F.2d 1250, 1255 (8th Cir. 1981). Talley was employed as a temporary casual employee while the others were career employees. Career employees, through a corrective and progressive form of discipline, are given an opportunity to improve their performance. Casual employees, because of the short-term nature of the position, are discharged following the commission of a serious offense. In spite of Talley's temporary status, USPS accepted Talley's explanation for the loss of keys on the first occasion and took no disciplinary action against her. None of the career employees were responsible for a loss of keys on a second occasion.

Talley also contends that the statistical evidence presented, the fact that USPS' termination decisions are made subjectively by a primarily white supervisory force, and the evidence of USPS' past treatment of Talley, necessitated a finding of pretext by the district court. Talley argues that the absence of comment by the district court with respect to this evidence indicates either a failure by the district court to consider it or an improper rejection of its relevancy. A district court is not required to make specific findings with respect to all of the evidence presented to it. *Bell v. Bolger,* 708 F.2d 1312, 1318 n. 8 (8th Cir. 1983). In rendering its decision, the district court did in fact state that it considered the record as a whole.

We agree with Talley that evidence of statistical disparities and past discriminatory treatment along with the utilization of a subjective decision-making process is relevant to a showing of pretext in a

disparate treatment case. *See Bell v. Bolger, supra,* 708 F.2d at 1319–20; *Taylor v. Teletype Corp.,* 648 F.2d 1129, 1134–35 (8th Cir.1981), *cert. denied,* 454 U.S. 969, 102 S.Ct. 515, 70 L.Ed.2d 386 (1981). Talley, nevertheless, fails to convince us that the evidence she presented demonstrates that USPS' articulated reason for her discharge was pretextual. Talley's statistical data was overbroad and generalized in that it pertained to the entire St. Louis postal system and Talley failed to provide the district court with any concrete analysis of the statistical disparities indicated by her data to support an inference of discrimination. *See Eubanks v. Pickens-Bond Construction Co.,* 635 F.2d 1341, 1349 (8th Cir.1980). Talley's generalized statistics, while probative, "may not be in and of themselves controlling as to an individualized [discharge] decision, particularly in the presence of an otherwise justifiable reason for [the discharge]." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 805 n. 19, 93 S.Ct. 1817, 1825, n. 19, 36 L.Ed.2d 668 (1973). We cannot say that the district court committed error in weighing Talley's statistical proof.

The evidence respecting the utilization of a subjective decision-making process by USPS and past conduct of USPS toward Talley, which she claims was discriminatory, is simply not compelling sufficiently to dictate a finding of pretext. Stoetzer had good cause for discharging Talley based on her loss of keys on two occasions and the evidence clearly demonstrated that he was unaware of Talley's prior employment with USPS. The district court's finding that the reason given by USPS for Talley's discharge was not pretextual is supported by substantial evidence and we cannot say that the finding is clearly erroneous. *See Pullman-Standard v. Swint,* 456 U.S. 273, 287–88, 102 S.Ct. 1781, 1789–90, 72 L.Ed.2d 66 (1982). Talley failed to carry her ultimate burden of proving that USPS intentionally discriminated against her on the basis of race or sex. *See Burdine, supra,* 450 U.S. at 253, 101 S.Ct. at 1093.

## C. *Retaliatory Discharge Claim*

Talley contends that a remand is necessary because of the lack of findings by the district court with respect to her retaliatory discharge claim. Although Rule 52 of the Federal Rules of Civil Procedure requires the district court in a non-jury case to make findings of fact and state separately its conclusions of law, compliance with the rule is not a jurisdictional requirement for appeal. *Swanson & Youngdale, Inc. v. Seagrave Corp.,* 561 F.2d 171, 173 (8th Cir. 1977). The appellate court may decide an issue without remand if "the record itself sufficiently informs the court of the basis for the trial court's decision on the material issue", *id.,* or when the facts with respect to a particular issue are undisputed. *Sbicca-Del Mac, Inc. v. Milius Shoe Co.,* 145 F.2d 389, 400 (8th Cir.1944); *Armstrong v. Collier,* 536 F.2d 72, 77 (5th Cir.1976). We conclude that a complete understanding of Talley's claim may be had from the record on appeal, and that remand to the district court is unnecessary.

Talley contends that her discharge was in retaliation for complaints of discrimination she made while employed by USPS in 1975 and 1977. Talley, however, failed to present any evidence supporting a causal connection between her previous exercise of protected Title VII activities and Mr. Stoetzer's adverse action against her, *i.e.,* her discharge. *See Womack v. Munson,* 619 F.2d 1292, 1296 (8th Cir.1980), *cert. denied,* 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981). The testimony before the district court clearly demonstrated that Stoetzer had no knowledge of Talley's prior Title VII activities and that he was unaware of Talley's former employment with USPS. Because this testimony is undisputed, and because Stoetzer had a legitimate, nondiscriminatory reason for terminating Talley based on her mishandling of the keys, it is apparent that Talley's failure to prove the requisite causal connection was the basis for the district court's decision. Thus, we hold Talley's retaliatory discharge claim to be without merit.

We affirm the judgment of the district court.