**Ben E. CLARK, Plaintiff,**

v.

**BURROUGHS CORPORATION, Defendant.**

**No. LR–C–85–161.**

United States District Court,
E.D. Arkansas, W.D.

Nov. 15, 1985.

Philip E. Kaplan, Little Rock, Ark., for plaintiff.

James M. Moody, Wright, Lindsey & Jennings, Little Rock, Ark., for defendant.

## ORDER

HENRY WOODS, District Judge.

Defendant Burroughs Corporation filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Burroughs claims this Court does not have jurisdiction because the EEOC charge on which this age discrimination claim is based was not timely filed. The defendant further contends it is entitled to judgment as a matter of law since there is no genuine issue of material fact existing in the case.

The timeliness of an EEOC ·charge is governed by 29 U.S.C.A. § 626(d)(1) which provides that "[s]uch a charge shall be filed within 180 days after the alleged unlawful practice occurred." Section 626(d)(2) extends the time for filing to 300 days in a case where § 633(b) applies. Section 633(b), in turn, applies where an unlawful practice took place in a state with its own law against age discrimination in employment and which has a state authority empowered to grant relief for the unlawful acts. Such a state is commonly known as a deferral state. If the unlawful acts which were allegedly committed in the case at hand took place in a deferral state, and if plaintiff complied with the requirements of § 633(b), he may be entitled to the extended time for filing furnished by § 626(d)(2).

We turn first to the question raised by the defendant involving whether plain-

tiff was entitled to file in Michigan. It is uncontroverted that plaintiff was working in Arkansas when employment problems arose, that he was transferred to Michigan in May, 1983 and that he was working in Michigan when he was terminated in June, 1983. In his complaint, plaintiff alleges both the transfer to Michigan and the subsequent termination resulted from wrongful discriminatory acts of defendant. In the view of this Court, the fact that the termination occurred in Michigan supplies the necessary basis for filing the charge in Michigan.

 Commencement of state administrative proceedings is a prerequisite to suit in federal court where the unlawful acts occurred in a deferral state. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 753, 99 S.Ct. 2066, 2070, 60 L.Ed.2d 609 (1979). In the present case, plaintiff communicated with the Michigan Department of Civil Rights (MDCR) in January, 1984. He contacted the EEOC Commission in Michigan in March and that agency ruled his charge was not timely and sent a form docketing the charge to the MDCR. Plaintiff claims his contact with the EEOC and the forwarding of the charge to MDCR signaled the commencement of proceedings—261 days after the date of termination. The Court agrees with plaintiff's position on this point.

 Burroughs contends that even if it is conceded that Michigan is the proper forum for Clark's charge, plaintiff failed to file within the 180 day deadline required by Michigan law. The United States Supreme Court addressed this question in *Evans* and held that, at least where the state statute of limitations is shorter than 180 days, § 633(b) does not require that state proceedings must be commenced within time limits specified by state law. *Id.* at 753, 99 S.Ct. at 2070.

Defendant argues that the reasoning of *DePriest v. Seaway Food Town, Inc.*, 543 F.Supp. 1355 (E.D.Mich.1982) should control the outcome of this case. According to the *DePriest* court, "a complainant who does not timely file with the Michigan

MDCR will be bound by the shorter 180 day filing period of 626(d)(1)." *Id.* at 1361–62. However, following the *DePriest* decision, *Van Atta v. Kal-Aero, Inc.*, 555 F.Supp. 912 (W.D.Mich.1983) was decided. According to *Van Atta*, "a grievant need not file timely with the state agency in order to proceed under 626(d)(2)." *Id.* at 916. Other courts have reached the same conclusion in age discrimination cases. *E.g., Anderson v. Illinois Tool Works, Inc.*, 753 F.2d 622 (7th Cir.1985); *Ciccone v. Textron, Inc.*, 651 F.2d 1 (1st Cir.1981); *Ewald v. Great Atlantic & Pacific Tea Co., Inc.*, 620 F.2d 1183 (6th Cir.1980), *vacated*, 449 U.S. 914, 101 S.Ct. 311, 66 L.Ed.2d 143, *rev'd and remanded*, 644 F.2d 884 (6th Cir.1981); *Aronsen v. Crown Zellerbach*, 662 F.2d 584 (9th Cir.1981); *Davis v. Calgon Corp.*, 627 F.2d 674 (3rd Cir.1980), *cert. denied*, 449 U.S. 1101, 101 S.Ct. 897, 66 L.Ed.2d 827, *petition for hearing denied*, 450 U.S. 971, 101 S.Ct. 1494, 67 L.Ed.2d 623 (1981).

In an Eighth Circuit case, the court of appeals held an "untimely state filing suspends the availability of the longer federal filing period." *Olson v. Rembrandt Printing Co.*, 511 F.2d 1228 (8th Cir.1975) (*en banc*). However, this construction was rejected by the Supreme Court in *Mohasco Corp. v. Silver*, 447 U.S. 807, 816 n. 19, 100 S.Ct. 2486, 2492 n. 19, 65 L.Ed.2d 532 (1980). It is the holding of this Court that in a deferral state a complainant need not file timely with the state agency in order to preserve his federal claim under the Age Discrimination in Employment Act.

 Now we turn to defendant's claim that there is no genuine issue of material fact existing in the case. In considering a motion for summary judgment, the evidence must be viewed in the light most favorable to Clark, the party opposing the motion. *Aronsen v. Crown Zellerback*, 662 F.2d 584 (9th Cir.1981).

A review of the pleadings and supporting documents reveals plaintiff Ben Clark, who was 57 years old and worked for Burroughs just short of forty years, was fired,

allegedly because of his age. He was replaced by a much younger man who had authored a proposal recommending a "young highly-motivated manager" be employed in Clark's position. Burroughs claims the reason for termination was not age but rather because complaints had been received about Clark and because he was guilty of an act of dishonesty. Clark contends this reason is merely a pretext for unlawful age discrimination and offers evidence in the form of the proposal referred to above and conflicting depositional testimony concerning the alleged dishonest acts. Through this evidence, plaintiff has presented a question of fact as to whether the stated reason for his dismissal was a pretext for discrimination. Therefore, summary judgment is not appropriate and the motion is hereby denied in all respects.