**Robert C. PIERCE, Plaintiff,**

v.

**John O. MARSH, Secretary of the Army, Defendant.**

**No. PB–C–86–533.**

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

Oct. 19, 1987.

Eugene Hunt, Pine Bluff, Ark., for plaintiff.

Robert L. Minor, Major, U.S. Army, Litigation Div., Civilian Personnel Branch, Office of the Judge Advocate General, Dept. of Army, Washington, D.C., A. Doug Chavis, Asst. U.S. Atty., Little Rock, Ark., for defendant.

## MEMORANDUM AND ORDER

EISELE, Chief Judge.

On March 1, 1984, the Department of the Army, Pine Bluff Arsenal (PBA) published a job vacancy announcement for the position of Explosives Operator Foreman, WS–07. The PBA civilian personnel office prepared a Referral and Selection Register of the best qualified candidates. The list prepared by the civilian personnel office contained the names of the twelve most qualified candidates. The list included nine black men, one white man, one black woman, and one white woman. The name of Robert Pierce, the plaintiff in this action, appeared on that list.

A panel of three selecting supervisors unanimously selected two people from the list to fill the vacant positions. One choice, Roosevelt Stokes, was black. The other, Johnnie Webb, was a white woman.

On May 29, 1984, the plaintiff contacted PBA Equal Employment Opportunity counselor, Loydell Payton, asserting that he had been discriminated against due to his race and sex. The officer conducted an informal investigation and concluded that no discrimination had been present. On July 10, 1984, the plaintiff filed a formal administrative complaint alleging race and sex discrimination. The United States Army Civilian Appellate Review Agency (USA-CARA) conducted an investigation. On September 21, 1984, the agency issued a report stating that no clear obvious difference existed between the plaintiff and Ms. Webb in terms of relevant objective qualifications. The investigator concluded that the evidence did not even support a prima facie case of race or sex discrimination. The plaintiff requested a hearing before an EEOC complaints examiner on October 18, 1984. On September 15, 1986, the plaintiff brought this action, and he notified the EEOC examiner of withdrawal of his request for a hearing on September 22.

The plaintiff alleges both disparate treatment and disparate impact under Title VII, 42 U.S.C. § 2000e et seq. To date, he has not obtained any ruling concerning his disparate impact claim, because the EEOC examiner refused to hear evidence concerning the validity of the selection procedures at the PBA.

### Disparate Treatment

In order to prevail in a Title VII case, a plaintiff must first make out a prima facie case, raising the inference that he was discriminated against. The burden of production then shifts to the defendant to articulate a legitimate non-discriminatory reason for its action. The burden then shifts to the plaintiff to show that the articulated reason was a mere pretext.

*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed. 2d 668 (1973). "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). In promotion cases, the prima facie case typically consists of four elements. The plaintiff must show first that he belongs to a racial minority or other protected class under Title VII [1]; second, that he applied and was qualified for a job for which the employer was seeking applicants; third, that despite his qualifications, he was rejected; and fourth, after his rejection, the position remained open and the employer continued to seek applicants from persons of his qualifications. *Id.*

▓▓▓ The court finds that the plaintiff in this case has made out a prima facie case of discrimination. Mr. Pierce is black, and he is thus a member of a protected class under Title VII. He applied for a position for which all parties in this action admit he is qualified. The most compelling evidence of his qualifications is his placement on the list of the 12 most qualified applicants. Mr. Pierce was rejected for the position. Thus, he satisfies the third element of the *McDonnell Douglas* test. The fact that the position in question was filled rather than remaining open does not preclude Mr. Pierce from meeting the standard. The *McDonnell Douglas* factors are not rigid. A plaintiff may satisfy the fourth element of the *McDonnell Douglas* test by showing that "other employees of similar qualifications who were not members of a protected group were promoted at the time the plaintiff's request for promotion was denied." *Bell v. Bolger,* 708 F.2d 1312, 1316 (8th Cir.1983) (quoting *Bundy v. Jackson,* 641 F.2d 934, 951 (D.C.Cir.1981)). Because one of the employees who was promoted instead of the plaintiff was white, he has stated a prima facie case of discrimination.

▓▓ The fact that a plaintiff can state a prima facie case does not automatically save him from a summary judgment motion. *Dea v. Look,* 810 F.2d 12, 15 (1st Cir.1987). The *McDonnell Douglas* test establishes a procedure to be used at trial, but the fact that a plaintiff establishes a prima facie case does not mean that a genuine issue of material fact exists necessitating a trial. The court must examine the evidence proffered by the defendant to explain the employment decision and the evidence offered by the plaintiff which can rebut the employer's stated justification. *Id; Parker v. Fed. Nat'l. Mortgage Ass'n,* 741 F.2d 975, 975–981 (7th Cir.1984); *Clark v. Burroughs Corp.,* 621 F.Supp. 660, 662-3 (E.D.Ark.1985). The only part of the promotion procedure which the plaintiff has challenged was the process by which Webb and Stokes were selected over him from the most qualified list. The plaintiff does not challenge the method used to prepare the list. The court notes, however, that the list was prepared by the civilian personnel office. Thus, the three supervisors who made the ultimate decision were not involved in compiling it. In order to avoid summary judgment, the plaintiff must make a showing that considerations of race or sex influenced the three supervisors in their choice.

▓▓ The defendant in this case contends that the two people promoted to the job sought by the plaintiff were slightly better qualified than he. The defendant has submitted affidavits from the three supervisors who selected the candidates over the plaintiff. The selecting supervisors unanimously agreed that Ms. Webb and Mr. Stokes were best for the job. The supervisors admitted that they did not strictly follow the appraisals prepared by the civilian personnel office ranking the candidates. Instead, they incorporated their personal knowledge of the candidates, and made a relatively subjective decision. It should be

---

1. Since the plaintiff is alleging reverse discrimination in his sex discrimination claim, the fact that he is a male does not preclude recovery.

*See, Colucci v. New York Times Company,* 533 F.Supp. 1005 (1982).

noted, however, that both of the people they chose ranked higher than Mr. Pierce.[2]

■ The selecting supervisors praised Ms. Webb's conscientiousness and her good work while temporarily assigned to the position in question. They stated that both selected candidates had demonstrated their ability to meet deadlines under pressure, organize their work effectively & to communicate, convincingly, both verbally and in writing. Personal observations of Ms. Webb's work contributed substantially to the decision. Each supervisor stated that race and sex had nothing to do with his decision, which was made solely on merit.[3] Although the decision in this case was based on some subjective criteria and each of the three candidates in question appear to have very similar credentials, the court finds that the defendant has met its burden to produce evidence of a nondiscriminatory reason for its failure to promote the plaintiff. *See Burdine,* 450 U.S. at 259, 101 S.Ct. at 1096, (an employer has discretion to chose among equally qualified candidates, provided the decision is not based upon unlawful criteria.)

■ In order to avoid summary judgment, the plaintiff must present to the court evidence upon the basis of which it could properly find that the stated reasons are a pretext to conceal discrimination. And, overall, the plaintiff's proffered evidence must be such as would permit the trier of fact to find for the plaintiff upon the ultimate issue. *Slaughter v. Allstate Ins. Co.,* 803 F.2d. 857, 861 (5th Cir.1986). *See, Anderson v. Liberty Lobby,* 477 U.S.

242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). Evidence which is merely colorable cannot save the plaintiff from summary judgment. *Id.*

■ The plaintiff in this case has not presented evidence which meets his burden. He has presented affidavits by two fellow employees, Lewis Powell, Jr. and Roosevelt Davis. In those affidavits, the two men stated their opinions that Mr. Pierce is more qualified than Ms. Webb. Such opinions do nothing to show that the supervisors' opinions to the contrary were pretext or that race was in any way a factor in a promotion decision. In addition, the plaintiff states that he had been employed longer and had taken more training courses than had Ms. Webb. Again, this evidence does nothing to show that race or sex was a factor in the ultimate decision to promote Webb over him.

The court concludes that a trial in which such evidence is merely rehashed will be fruitless. Thus, summary judgment is appropriate.

### Disparate Impact

■ The plaintiff has alleged that he is entitled to recover on a theory of disparate impact. The doctrine of disparate impact provides relief to employees who are the unintended victims of neutral practices which bear unevenly on members of protected minority groups. When such practices cannot be justified by business necessity, they operate as "built in headwinds" for minorities. *Griggs v. Duke Power Co.,* 401 U.S. 424, 432, 91 S.Ct. 849,

---

**2.** The court notes that promotion decisions based on subjective evaluations can often become a mechanism which conceals discrimination. *See Satz v. ITT Financial Corp.,* 619 F.2d 738, 746 (8th Cir.1980); *Rowe v. General Motors Corp.,* 457 F.2d 348, 359 (5th Cir.1972). In this case, however, the plaintiff has made no showing that the subjective evaluations led to a discriminatory result, because both candidates selected over the plaintiff were objectively rated more highly than he. If the plaintiff had made a showing that the criteria used by the civilian personnel office to rank the candidates were discriminatory, then the fact that Ms. Webb ranked higher than Mr. Pierce would not eliminate the inference of discrimination created by the prima facie case. The plaintiff, however, has made no such showing. In addition, the

evidence suggests that the candidate who rated highest, a white male, was rejected for the position. Thus, the defendant's contention that discrimination against blacks did not influence the supervisors' choice is strengthened.

**3.** Evidence suggests that in the position of Explosives Operator Foreman black males, as a class, were over-represented while women, as a class, were under-represented. Although the PBA does not argue that Ms. Webb was promoted to remedy that situation, the court notes that Title VII does permit some affirmative action plans designed to remedy past discrimination. *See United Steelworkers v. Weber,* 443 U.S. 193, 208, 99 S.Ct. 2721, 2729, 61 L.Ed.2d 480 (1979).

854, 28 L.Ed.2d 158 (1971). Although plaintiffs are not required to prove intent to prevail on an adverse impact claim, they must show the actual effect of the practice they challenge. *Lowe v. City of Monrovia*, 775 F.2d 998, 1004 (9th Cir.1985). In order to establish a prima facie case under this theory, plaintiffs must show first an identifiable facially neutral personnel policy or practice; second, a disparate effect on members of a protected class; and third, a causal connection between the two. *McIntosh v. Weinberger*, 810 F.2d 1411, 1427 (8th Cir.1987).

The plaintiff in this case does not allege that a specific policy or practice adversely impacts blacks. Rather, he first identifies several practices to which he objects, and second relies on a previous decision in this district which broadly criticized the PBA's procedures. The plaintiff objects to the use of subjective considerations in promotion decisions. In addition, he objects to the use of experience gained during temporary promotions, in some cases granted by the selecting supervisors, in promotion decisions. He contends that allowing officials to decide who will receive temporary promotions and then to rely on the experience gained during such promotions stacks the deck. However, he makes no showing that the defendants have favored whites over blacks, or females over males in the making of such temporary promotions.

▪ The doctrine of disparate impact is designed primarily to eliminate objective criteria which adversely impact minorities. The doctrine is not the proper vehicle to use in making a wide ranging challenge on the overall fairness of an employer's practices. *Pouncy v. Prudential Ins. Co. of Am.*, 668 F.2d 795, 800 (5th Cir.1982); *Talley v. United States Postal Service*, 720 F.2d 505, 507–508 (8th Cir.1983), *cert. denied*, 466 U.S. 952, 104 S.Ct. 2155, 80 L.Ed. 2d 541 (1984); *Harris v. Ford Motor Co.*, 651 F.2d 609, 611 (8th Cir.1981). Although subjective decision making may sometimes be alleged under both the treatment and impact theories, *see McIntosh*, 810 F.2d at 1427, in this case the plaintiff has not been specific enough in his allegations to have produced an identifiable procedure which he wishes to challenge.

▪ His citation of a 1983 court decision criticizing the arsenal's policies cannot establish his prima facie case. In *Goldman v. Marsh*, 31 E.P.D. 33605 (E.D.Ark. 1983) [1983 WL500] Judge Harris held that the arsenal's initial placement and promotion policies were discriminatory. The plaintiff argues that the court in this case is bound by res judicata. *Goldman* was a class action which challenged procedures throughout the PBA. As such, it involved a different cause of action than does this individual claim by the plaintiff. In addition, the plaintiff here has not made any showing that conditions which existed at the time *Goldman* was decided had not been remedied by the time of his application for promotion. In fact, because the *Goldman* decision occurred, it is reasonable to assume that the PBA, in compliance with that decision, had taken remedial action. His reliance on *Goldman*, therefore, cannot satisfy his burden to state identifiable procedures which he is challenging.

[16] Even if the plaintiff could satisfy the first element required for a prima facie case of adverse impact, he cannot show a disparate impact on blacks caused by those policies which he has identified. He has produced no statistical or other evidence to support his disparate impact claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986) (requiring summary judgment when a party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial). The only evidence proffered by the plaintiff is the *Goldman* case. The findings in that case cannot establish adverse impact in this case, because the decision there occurred over a year prior to the plaintiff's unsuccessful promotion application. Cf. *Rowe v. Cleveland Pneumatic Co., Numerical Control*, 690 F.2d 88, 94 (6th Cir.1982) (holding that statistical evidence, based on data from the period over two years before plaintiff's unsuccessful attempt to be re-

hired, was inadequate evidence of disparate impact).

The only evidence introduced in this case was provided by the PBA. It showed that black men were over-represented in the explosive operator foreman position. The court need not pass on the sufficiency of that evidence, because the plaintiff has not met his prima facie burden. Summary judgment for the defendant is thus proper on the disparate impact claim.

IT IS THEREFORE ORDERED that the defendant's motion for summary judgment be, and it is hereby, granted.