James TUTTLE, Plaintiff–Appellant,

v.

HENRY J. KAISER COMPANY, a
corporation, Defendant–Appellee.

No. 87–5272–ND.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 8, 1988.

Decided Dec. 16, 1988.

Deborah J. Carpenter, Bismarck, N.D.,
for plaintiff-appellant.

Warren H. Albrecht, Jr., Bismarck, N.D.,
for defendant-appellee.

Before HEANEY and BOWMAN,
Circuit Judges, and FAIRCHILD,* 
Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

Appellant James Tuttle brought an action under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, *et seq.*) against Henry J. Kaiser Company. He alleged that Kaiser discharged him because he is an American Indian. The case was tried before a magistrate by consent of the parties.[1] At the close of trial, the magistrate ruled from the bench that although Tuttle had established a *prima facie* case, Kaiser had articulated excessive absenteeism as a non-discriminatory reason, and Tuttle had failed to prove that the reason was a pretext.[2] She then found that the termination was not motivated by race discrimination.

Tuttle (of three-quarter Indian blood) was employed April 11, 1983 as an electrician, inside journeyman wireman, on a large construction project. He was one of a crew of eight. On June 30, 1983 he was discharged by Berkeley Lake, one of Kaiser's superintendents, who had jurisdiction over Tuttle's crew, among others. The discharge slip, signed by Lake (since deceased) gave the reason "chronic absenteeism." Tuttle's foreman had been consulted before the discharge.

There were 57 work days from April 11, 1983 to June 30, inclusive. Tuttle had been absent five days, arrived late on four, and left early on two. Kaiser's Industrial Relations Manager for the project testified that each instance was counted as a day of absence, so that there were eleven, resulting in a percentage of nineteen; that he considered anything over ten percent exces-

---

* The Honorable Thomas E. Fairchild, Senior United States Circuit Judge for the United States Court of Appeals for the Seventh Circuit sitting by designation.

1. The Honorable Karen K. Klein, Magistrate, District of North Dakota.

2. The formula is derived from *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

sive, but that the decision was left to the various superintendents, and their practice varied. A sample of ten discharges for absenteeism at about the same time (all Caucasians) showed a variation from 10.3% to 30.0%. An electrician who worked on a different crew was absent 22 days in 22 weeks, and was not discharged. Mr. Lake was considered one of the stricter superintendents.

Tuttle testified to explanations of most of the instances. Principally, he claimed he had notified his foreman in advance, or had telephoned a number Kaiser posted for that purpose. He and employees Rodgers and Johnson testified that advance notice or calling in would result in an excused absence. Management people testified to the contrary. The magistrate made a finding that this difference in understanding between employees and management may tend to show some unfairness in the handling of absenteeism, but that it was not race discrimination.

The magistrate did not, however, address the evidence tending to show that Tuttle's absences were treated more harshly than those of the other members of his crew.

Employee DePaulis, a member of the same crew, testified that Tuttle's attendance was better than DePaulis', and no different from everyone else on the crew. None, other than Tuttle, was discharged. The record suggests that many of the employees lived at a distance from the project, and that travel arrangements were important and sometimes resulted in late arrivals or early departures. Kaiser, which had the necessary records, did not show the absence records of the other crew members.

There is also testimony indicating that foreman Braun singled Tuttle out for different treatment in the matter of job assignments. Tuttle was put to work for a time cutting wire into short lengths at a warehouse and directed for another period to work alone, when most wiremen worked with a partner. There was testimony that these were unusual assignments. Tuttle suggests an inference that the unusual treatment was based on his race.

In several cases where a trial judge failed to address evidence offered to show that an articulated reason was a pretext, the Fifth Circuit has found it impossible to review a generalized finding of failure to demonstrate pretext, and has vacated and remanded. *Redditt v. Mississippi Extended Care Centers, Inc.*, 718 F.2d 1381, 1386 (5th Cir.1983); *Ratliff v. Governor's Highway Safety Program*, 791 F.2d 394, 401 (5th Cir.1986); *Smith v. Texas Dept. of Water Resources*, 799 F.2d 1026, 1031 (5th Cir.1986). The court concluded that the trial courts had insufficiently complied with the requirement of Rule 52(a) F.R.Civ.P. to "find the facts specially."

In *Talley v. United States Postal Service*, 720 F.2d 505, 507 (8th Cir.1983) the district court had disposed of evidence of differential treatment of a plaintiff by finding, correctly, that plaintiff and the other employees were not similarly situated. This court went on to say, with respect to lack of comment by the district court on other types of evidence, "[a] district court is not required to make specific findings with respect to all of the evidence presented to it." We do not deem the general (and generally correct) statement just quoted controlling here.

On this record we are unable to say that the magistrate's finding of no race discrimination was not clearly erroneous where she failed to state whatever reason she had for rejecting the evidence that Tuttle was discharged for an absence record as good as his fellow crew members who were not discharged.

Tuttle has made other arguments concerning the reception of certain evidence and the weight given by the magistrate to other evidence. We find no merit in these arguments.

The judgment is VACATED and the cause REMANDED for additional findings consistent with this opinion. The magistrate may, but is not required to, hear additional evidence. Costs on this appeal shall not be awarded at this time, but the party who ultimately prevails may recover them.