**Jean BERGAL, Appellant,**

v.

**METROPOLITAN WASTE CONTROL COMMISSION and Louis Breimhurst, Appellees.**

No. 88–5241.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 14, 1989.

Decided May 8, 1989.

Karla R. Wahl, Minneapolis, Minn., for appellant.

Dale E. Beihoffer, Minneapolis, Minn., for appellees.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge and FAGG, Circuit Judge.

PER CURIAM.

This matter arises from an employment discrimination case in which Jean Bergal appeals the district court's October 22, 1987, order granting defendants partial summary judgment and May 23, 1988, order entering judgment on behalf of defendants on the remaining claim. We affirm in part and reverse and remand in part.

I.  Background

In 1982, Jean Bergal was employed as a registrar at the University of Minnesota School of Management, earning an annual salary of $16,368.  At that time, Bergal was also involved in Minnesota Governor Rudy Perpich's successful election campaign.  Following the election, in January of 1983, the Metropolitan Waste Control Commission (MWCC) offered David Cook, another Perpich campaign worker, employment as its Public Information Officer (PIO) at $35,000 per year.  MWCC also offered Bergal a position as Cook's assistant with a salary of $25,000 per year. While Bergal accepted the offer, Cook instead accepted a position on the Governor's press staff and MWCC's PIO position remained unoccupied.  Bergal contends that she was required to perform the duties of PIO, as well as assistant PIO, but received a lower salary than men in comparable MWCC management positions.

On April 14, 1985, Bergal filed a sex discrimination complaint with the Equal Employment Opportunity Commission (EEOC).  The EEOC found no reasonable cause to believe her allegations to be true. On September 24, 1985, Bergal filed this lawsuit alleging both federal and state law claims of sex discrimination, retaliation, and intentional infliction of emotional dis-

tress. Subsequently, Bergal filed a separate retaliation complaint with the EEOC.

In early 1985 MWCC underwent reorganization following a highly publicized series of newspaper articles which alleged wasteful practices on its part. In this regard, MWCC commissioned a management study which returned a number of recommendations. One of the recommendations involved the reorganization and expansion of the Public Information Office. MWCC subsequently hired a highly qualified woman, Pat Ferguson, to run this office. Soon afterwards, Bergal took a leave of absence for health reasons related to her alleged employment problems and eventually resigned from her position in the fall of 1986.

On October 22, 1987, the district court[1] granted defendants' motion for summary judgment on all of Bergal's claims except those relating to retaliation. On May 5, 1988, the Minnesota Department of Human Rights issued a public report finding a pattern and practice of discrimination by MWCC against woman and minorities. A four-day nonjury trial thereafter resulted in a verdict in favor of the defendants on Bergal's retaliation claim.

II. Discussion

In its October 22, 1987, order granting partial summary judgment, the district court discussed each of Bergal's claims individually. With regard to the allegation of disparate impact, the court first considered the statistical evidence that Bergal had presented and held that this evidence was inadequate to prove a disparate impact case. The district court then went on to state:

> The Eighth Circuit has further held that "a disparate impact claim may not be based on subjective evaluation and promotion procedures." *Emanuel v. Marsh,* [828 F.2d 438, 442 (8th Cir.1987)] (disparate impact theory unavailable in the context of a subjective evaluation of plaintiff's job performance). *See also Talley v. United States Postal Service,*

720 F.2d 505, 506 (8th Cir.1983), *cert. denied* 466 U.S. 952, 104 S.Ct. 2155, 80 L.Ed.2d 541 (1984).

> Bergal complains generally about the MWCC's policies "on compensation, award of merit increases, transfer and promotion." Specifically, she argues that her superiors underpaid her, refused her the power to transfer a secretary and hired Ferguson as her superior.

> All of her complaints are grounded in the subjective decisions of her superiors. Take, for example, her salary disputes. Bergal variously takes issue with her starting pay (as opposed to Cook), her ongoing salary (compared to her colleagues) and her raises.

> None of these pay problems can be traced to anything except the subjective decisions of her superiors. The same can be said of her inability to transfer a secretary and the hiring of Ferguson. For these reasons, Bergal has failed to make a prima facie case under a disparate impact theory.

*Bergal v. Metropolitan Waste Control Comm'n,* No. 3–87–339, slip op. at 10–11 (D.Minn. Oct. 22, 1987).

Subsequent to the district court's order, the Supreme Court addressed the issue of whether disparate impact analysis may be applied to cases in which subjective criteria is used to make employment decisions. In *Watson v. Fort Worth Bank & Trust,* —— U.S. ——, 108 S.Ct. 2777, 101 L.Ed.2d 827 (1988), the Court observed that its decisions in previous disparate impact cases would "largely be nullified if disparate impact analysis were applied only to standardized selection practices." *Id.* 108 S.Ct. at 2786. Indeed, the Court determined that whether the employment decisions were based on subjective or objective criteria, these decisions could have effects that are indistinguishable from intentionally discriminatory practices. *Id.* The Court therefore held that subjective or discretionary employment practices may be analyzed under the

---

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

disparate impact approach. *Id.* 108 S.Ct. at 2787.

Consequently, we must reverse and remand the district court's decision as it relates to Bergal's disparate impact claim and instruct the district court to reconsider the subjective criteria alleged in this case in light of *Watson.* We have also reviewed the district court's rulings on Bergal's claims of unequal pay, disparate treatment, and retaliation. We find that the district court did not commit any error of law in the determination of these issues. These rulings are therefore affirmed.