918 F.2d 957
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Emmer JACKSON, Plaintiff-Appellant,
v.
Anthony M. FRANK, Postmaster General, Dolores Rozzi,
Defendants-Appellees.
 No. 90-1266.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1990.
 
 Before KENNEDY and MILBURN, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Emmer Jackson appeals a judgment of the district court which dismissed her complaint. She now moves for leave to proceed in forma pauperis. Upon review of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jackson filed a complaint pursuant to 42 U.S.C. Sec. 2000e-16 and 42 U.S.C. Sec. 1983 in the United States District Court for the Eastern District of Michigan. In support of her request for a declaratory judgment, injunctive relief, and monetary damages, she alleged that her employer, the United States Postal Service, had disciplined her for use of government property for personal gain and dishonesty and had suspended her without pay for a period of ten days. Characterizing that action as more severe than the penalties imposed upon other postal employees found guilty of the same disciplinary infraction, Jackson maintained that her punishment constituted discrimination on the basis of her sex and race in violation of 42 U.S.C. Sec. 2000e-16. Jackson further alleged that she filed discrimination charges with the Equal Employment Opportunity Commission, which assigned defendant Dolores Rozzi to review her case. Jackson related that she did not prevail in that proceeding, a result which she believed to be the product of the combined actions of defendant Rozzi and the United States Postal Service in violation of a number of her constitutional rights. Accordingly, Jackson maintained that defendants had also deprived her of civil rights guaranteed by 42 U.S.C. Sec. 1983. Defendants subsequently moved to dismiss the complaint. After receipt of Jackson's response and a hearing, the district court granted defendants' motion and entered judgment in their favor. Jackson then filed this appeal.
 
 
 3
 After a thorough review of the record, this court has concluded that the district court did not err in dismissing the complaint.
 
 
 4
 The district court properly dismissed Jackson's claims against defendant Rozzi as the courts have consistently recognized that the EEOC and its employees are not subject to suit for actions taken in their review of complaints for discrimination. Ward v. Equal Employment Opportunity Comm'n, 719 F.2d 311, 313 (9th Cir.1983), cert. denied, 466 U.S. 953 (1984); Gibson v. Missouri Pac. R.R., 579 F.2d 890, 891 (7th Cir.1978) (per curiam), cert. denied, 440 U.S. 921 (1979).
 
 
 5
 The court also properly granted summary judgment to the Postmaster General on Jackson's claims of employment discrimination because there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Fed.R.Civ.P. 56(e) directs that upon the movant's showing of the absence of a genuine issue of material fact, the non-moving party may not rest on the pleadings, but must overcome that demonstration through submission of evidentiary materials such as depositions, affidavits, and answers to interrogatories that are sufficiently probative to allow a jury ultimately to render a verdict in her favor. Anderson, 477 U.S. at 249-51. That admonishment is particularly applicable to claims of conspiracy to violate civil rights. Gutierrez v. Lynch, 826 F.2d 1534, 1539 (6th Cir.1987).
 
 
 6
 Application of those standards to this case indicate that the district court did not err in granting the motion for summary judgment in regard to plaintiff's claims under 42 U.S.C. Sec. 1983. As the basis of that claim, Jackson alleged that defendants had violated her rights under the fifth, eighth, and ninth amendments to the Constitution by conspiring to undermine the EEOC's adjudication of her initial discrimination complaint. There is no factual dispute as to that claim as the parties agree that plaintiff did file a discrimination charge with the EEOC concerning her suspension from work and that those proceedings concluded unfavorably to her. Defendants are also entitled to judgment as a matter of law. Other than those conclusory facts, originally advanced in the complaint and merely restated in the response to the motion for summary judgment, plaintiff provided no specific proof to substantiate her claim of an existence of a conspiracy. Under Gutierrez, 826 F.2d at 1539, those conclusory allegations are not sufficiently probative to allow a jury ultimately to find in her favor on her claim that defendants conspired to violate her civil rights.
 
 
 7
 The district court also did not err in taking that action in regard to plaintiff's claims under 42 U.S.C. Sec. 2000e-16. As a basis for that decision, the district court concluded that Jackson had failed to establish a prima facie case of discrimination. To satisfy that burden in a disparate treatment case, the plaintiff must generally show that: 1) she was a member of a protected class; 2) she had been the subject of an adverse disciplinary action; and 3) she had been treated differently than other similarly situated employees. Shah v. General Elec. Co., 816 F.2d 264, 269 (6th Cir.1987). Moreover, the mere fact that employees have engaged in the same conduct in a disciplinary action does not render them similarly situated. Rather, the other employees must have had the same supervisor as the plaintiff, must have been subject to the same standards governing their evaluation and discipline, and their acts must not be subject to differentiation due to the presence of unique or mitigating circumstances. Mazzella v. RCA Global Communications, Inc., 642 F.Supp. 1531, 1547 (S.D.N.Y.1986); Talley v. United States Postal Serv., 33 Fair Empl. Prac. Cas. (BNA) 233, 237-38 (E.D.Mo.1982), aff'd, 720 F.2d 505 (8th Cir.1983), cert. denied, 466 U.S. 952 (1984).
 
 
 8
 When applied to the instant appeal in light of those rules concerning employment discrimination actions, the standards governing summary judgment indicate that the district court properly dismissed plaintiff's claims under 42 U.S.C. Sec. 2000e-16. There is no issue of material fact concerning the existence of the first two elements of a prima facie case for discrimination as the parties conceded that plaintiff is a black woman who was subject to an adverse disciplinary action. There also is no factual dispute as to the third and final element of a prima facie case. In support of their motion for summary judgment, defendants submitted substantial evidentiary materials to show that plaintiff was treated no differently from others who were subject to disciplinary action. In particular, that evidence indicated that: 1) plaintiff's conduct was more serious as it entailed the actual use of franked envelopes to carry her personal mail; 2) her supervisors were not involved in any of the other disciplinary actions which allegedly resulted in disparate treatment; and 3) many of those accorded lighter punishments were also black and/or female. In her response to the motion for summary judgment, plaintiff did not challenge that demonstration, but merely insisted that she and the other employees were similarly situated because they had been found guilty of the same disciplinary infraction, use of government property for personal gain. That single allegation is insufficient to create a factual dispute of whether other similarly situated employees were given different treatment. Plaintiff therefore did not establish a prima facie case of discrimination and the district court correctly concluded that defendants were entitled to judgment as a matter of law on that basis.
 
 
 9
 Accordingly, the motion for leave to proceed in forma pauperis is granted and the district court's final judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.